United States District Court
Southern District of Texas
FILED

APR 2 5 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER ALLIANCE, L.L.C., a Texas limited liability company, and ACCESORIOS ILIMITADOS, a Mexican corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. B-02-079 |
| vs. | ) ) | |
| WILLIAM F. PROTZ, JR. and SANTA'S BEST, an Illinois general partnership, | ) ) ) ) ) | |
| Defendants. | | |

## DEFENDANT SANTA'S BEST'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT

NOW COMES Defendant, Santa's Best, and for its Answer and Affirmative Defenses to the Original Petition, states as follows:

## ANSWER

I

Plaintiffs intend to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

**Answer:** Santa's Best denies that Plaintiffs are entitled to conduct discovery under the Texas Rules of Civil Procedure.

II

Defendant William F. Protz, Jr. is a natural person residing in Illinois. William F. Protz, Jr. may be served with service of citation at his place of employment, 770 Frontage Road, Suite 160, Northfield, Illinois.

Defendant Santa's Best is an Illinois partnership doing business in Texas. Santa's Best may be served with service of citation by serving its president and a partner of Santa's Best, William F. Protz, Jr., at 770 Frontage Road, Suite 160, Northfield, Illinois.

Plaintiffs reserve the right to add additional parties.

**Answer:**   Santa's Best admits that William F. Protz, Jr. is a natural person residing in Illinois, who may be served with process at his place of employment, 770 Frontage Road, Suite 160, Northfield, Illinois. Santa's Best admits that it is an Illinois partnership who conducts business in Texas, which has been properly served with process. Santa's Best denies the remainder of the allegations of paragraph II.

### III

In 1995, Defendant Santa's Best and Defendant William F. Protz, Jr. entered into various contracts with Plaintiff Border Alliance and third parties in connection with a maquiladora operation run in Matamoros, Tamaulipas, Mexico on behalf of Defendant Santa's Best by Border Alliance. Under these contracts, Santa's Best obligated itself to pay all taxes, liquidations of not more than twenty union workers plus additional personnel, and fire and theft insurance to cover Santa's Best product. Under these agreements, Santa's Best also agreed to pay rent at the facility in Matamoros at a rate of $3,600.00 per month through February 2000 and at a rate of $4,600.00 per month thereafter until December 31, 2003. In addition to reimbursing or directly paying the expenses and costs of the operation, Santa's Best also agreed to pay Border Alliance a piece of rate amount for various products over time.

**Answer:**   Santa's Best denies the allegations of paragraph III.

### IV

Defendants have made the decision to abandon the operations in Mexico and they refuse to fulfill their contractual obligations. The refusal by Defendants to fulfill their obligations exposes Plaintiffs to damage claims by third parties, including lawsuits in Mexico.

Further, Santa's Best's wrongful actions interfere with Plaintiffs' ability to conduct business in Mexico now and in the future.

**Answer:**   Santa's Best admits that it has decided to discontinue operations in Mexico. Santa's Best denies the remainder of the allegations of paragraph IV.

## V

For several months, Plaintiffs have demanded that Defendants fulfill their obligations and Defendants refuse to comply.

**Answer:** Santa's Best denies the allegations of paragraph V.

## VI

Pursuant to the Chapter 37 of the Texas Civil Practices and Remedies code, Plaintiffs seek a declaratory judgment declaring that Defendants are obligated to fulfill the obligations described above and that Defendants are in breach.

Further, Plaintiffs seek a determination of their damages, including indemnification for third party liability.

**Answer:** Santa's Best denies the allegations of paragraph VI.

## VII

Further, Plaintiffs seek the recovery of their actual damages flowing from Defendants' breaches of contracts, including but not limited to loss of profits and loss of goodwill.

**Answer:** Santa's Best denies the allegations of paragraph VII.

## VIII

Plaintiffs seek the recovery of their attorney's fees and costs pursuant to Section 37.009 and Section 38.001 of the Civil Practice and Remedies Code.

**Answer:** Santa's Best denies the allegations of paragraph VIII.

## IX

Plaintiffs reserve the right to supplement to include other causes of action, including but not limited to tortious interference with prospective contracts.

**Answer:** Santa's Best denies the allegations of paragraph IX.

WHEREFORE, Santa's Best respectfully requests that this Court deny Plaintiffs the relief they request in their Original Petition, or any other relief.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO.1
### (Failure to State a Cause of Action)

1. Plaintiffs have failed to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE NO.2
### (Failure to Mitigate)

2. Plaintiffs have failed to mitigate their damages.

### AFFIRMATIVE DEFENSE NO.3
### (Setoff For Negligence Against Border Alliance)

3. In its Original Petition, Accesorios Ilimitados ("AL") claims that Santa's Best is obligated to pay certain taxes, liquidation expenses, insurance costs, lease expenses, and "a piece rate amount for various products over time."

4. Border Alliance is and was, at all relevant times, acting as an international business and manufacturing consultant and contractor with regard to the manufacturing facilities in Matamoros, Mexico. Border Alliance represented to Santa's Best that Border Alliance possessed professional business experience and expertise with regard to conducting business and manufacturing products in Mexico.

5. In reliance upon Border Alliance's representations, Santa's Best agreed to retain Border Alliance to be its professional consultant, representative, and agent with regard to maquiladora operations in Matamoros, Mexico.

6. In its capacity as Santa's Best's professional consultant, representative, and agent, Border Alliance advised Santa's Best with regard to all aspects of the maquiladora operations in Matamoros, Mexico, including Santa's Best's tax obligations, liquidation obligations for union workers and other personnel, insurance, leasing

4

arrangements, and manufacturing costs and expenses. In addition, Border Alliance was responsible for conducting the operations in Matamoros, Mexico, and negotiating and handling all transactions and dealings with Mexican companies, citizens, and government officials or agencies. At all relevant times, Border Alliance had a duty to discharge its duties with due care and the professional competence of the ordinary expert in its field of supposed expertise.

7.  Border Alliance breached its duty of care to Santa's Best if AL's allegations in this case are true. The taxes, liquidation expenses, insurance costs, lease payments, and piece rate prices claimed by AL in this case should not be the responsibility of Santa's Best. Santa's Best never agreed to pay these sums. Furthermore, Border Alliance never received authorization to obligate Santa's Best for these sums, and Border Alliance did not inform Santa's Best that it would be liable to pay these sums. In fact, it advised and counseled Santa's Best that these sums would not be Santa's Best's obligation.

8.  To the extent Santa's Best becomes liable to AL to pay any of the sums it claims in this case, that outcome will be the proximate result of Border Alliance's breach of its duty of care to Santa's Best as consultant, representative and agent with regard to Santa's Best's manufacturing operations in Matamoros, Mexico.

9.  Border Alliance should indemnify and hold Santa's Best harmless with regard to any breach of its duty of care. Therefore, any judgment in favor of Border Alliance against Santa's Best in this case should be reduced and offset by the amount of any judgment in favor of AL in this case against Santa's Best.

## AFFIRMATIVE DEFENSE NO.4
### (Breach of Fiduciary Duties Against Border Alliance)

10. For the reasons set forth in Santa's Best's prior affirmative defense, Border Alliance was Santa's Best's agent with regard to the maquiladora operations at Matamoros, Mexico, including the negotiation of all contracts and transactions concerning those operations.

11. As Santa's Best's agent, Border Alliance owed fiduciary duties of loyalty and due care to Santa's Best with regard to all matters within the scope of its agency.

12. Border Alliance breached its fiduciary duties to Santa's Best if AL's allegations are true. The taxes, liquidation expenses, insurance costs, lease payments, and piece rate prices claimed by AL in this case should not be the responsibility of Santa's Best. Santa's Best never agreed to pay these sums. Furthermore, Border Alliance never received authorization to obligate Santa's Best for these sums, and Border Alliance did not inform Santa's Best that it would be liable to pay these sums. In fact, Border Alliance advised and counseled Santa's Best that these sums would not be Santa's Best's obligation.

13. To the extent Santa's Best becomes liable to AL to pay any of the sums AL claims in this case, that outcome will be the proximate result of Border Alliance's breach of its fiduciary duties.

14. Border Alliance should indemnify and hold Santa's Best harmless with regard to any breach of Border Alliance's fiduciary duties. Therefore, any judgment in favor of Border Alliance against Santa's Best in this case should be reduced and offset by the amount of any judgment in favor of AL in this case against Santa's Best.

## AFFIRMATIVE DEFENSE NO.5
### (Breach of Contract Against Border Alliance)

15. As stated above, Santa's Best retained Border Alliance to be its consultant, representative, and agent with regard to the maquiladora operation in Matamoros, Mexico.

16. Border Alliance agreed that it would be obligated for conducting all aspects of the maquiladora operation in Matamoros, Mexico, including, without limitation, administration, labor, utilities, office equipment, importing, exporting, warehousing, and other matters necessary to facilitate the smooth operations of the maquiladora operations.

17. Border Alliance also agreed to counsel and advise Santa's Best with regard to all matters related to Mexican law or industry and trade customs in Mexico, including, without limitation, import/export duties, taxes, and dealings with Mexican companies, citizens, and government officials and agencies. Border Alliance agreed to negotiate all transactions and contracts with Mexican citizens, companies, and government officials or agencies.

18. Border Alliance breached its contractual duties to Santa's Best if AL's allegations are true. The taxes, liquidation expenses, insurance costs, lease payments, and piece rate prices claimed by AL in this case should not be the responsibility of Santa's Best. Santa's Best never agreed to pay these sums. Furthermore, Border Alliance never received authorization to obligate Santa's Best for these sums, and Border Alliance did not inform Santa's Best that it would be liable to pay these sums. In fact, Border Alliance advised and counseled Santa's Best that these sums would not be

Santa's Best's obligation.

19.   To the extent Santa's Best becomes liable to AL to pay any of the sums it claims in this case, that outcome will be the proximate result of Border Alliance's breach of its contractual duties.

20.   Border Alliance should indemnify and hold Santa's Best harmless with regard to any breach of Border Alliance's contractual duties. Therefore, any judgment in favor of Border Alliance against Santa's Best in this case should be reduced and offset by the amount of any judgment in favor of AL in this case against Santa's Best.

### AFFIRMATIVE DEFENSE NO.5
(Negligent Misrepresentation Against Border Alliance)

21.   Border Alliance represented to Santa's Best that Santa's Best would not be obligated for lease payments with regard to the Matamoros, Mexico warehouse facilities beyond June of 2002.

22.   Border Alliance's representation concerning the duration of lease obligations related to a material fact.

23.   Santa's Best reasonably believed and relied upon Border Alliance's representation concerning the duration of the lease obligations.

24.   Therefore, Santa's Best should not be obligated to Border Alliance for any lease payments beyond June 2002 for the Matamoros, Mexico warehouse facilities. Furthermore, to the extent Santa's Best is found liable to AL for these payments beyond June of 2002, that amount should be deducted from any judgment in favor of Border Alliance against Santa's Best in this case as a setoff.

## AFFIRMATIVE DEFENSE NO.6
### (Forgery)

25. From the face of Plaintiffs' Original Petition, Santa's Best cannot determine the contracts they are referring to when they state that "various contracts" are the basis for their claims in this case. No contracts or other documents are attached to the Original Petition.

26. Nevertheless, Border Alliance has sent demand letters to Santa's Best concerning these matters that included contracts containing forged signatures.

27. To the extent the Plaintiffs' claims are based on any such documents, their claims should be denied.

## COUNTERCLAIMS

NOW COMES, Defendant, Santa's Best, and for its Counterclaims Against Plaintiffs, states as follows:

## THE PARTIES

1. Upon information and belief, Plaintiff Accesorios Ilimitados ("AL") has been a corporation organized and existing under the laws of Mexico with its principal place of business in Matamoros, Mexico.

2. Upon information and belief, Plaintiff Border Alliance, L.L.C. is a Texas limited liability company and all of its members are citizens of Texas.

3. Defendant, Santa's Best is an Illinois general partnership.

4. Santa's Best's partners were and have been A-Chicago Tech, L.L.C., which was and has been a citizen of Illinois and Florida,[1] and Tinsel/Ruff Group Limited Partnership, which was and has been a citizen of Illinois, Wisconsin, and Connecticut.[2]

## JURISDICTION

5. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Santa's Best is entitled to state these counterclaims against Plaintiffs because they arise out of the same transaction and occurrence that is the subject of the Plaintiffs' claims against them, and these counter claims may be adjudicated without the presence of any third parties over whom this Court cannot acquire jurisdiction.

## FACTUAL BACKGROUND

6. Santa's Best manufactures and sells holiday decorations.

7. In 1997, Santa's Best began employing Border Alliance to assist it with the manufacturing of products in connection with a maquiladora operation in Matamoros, Mexico.

---

[1] The members of A-Chicago Tech, L.L.C., which is a Delaware L.L.C., are and have been citizens of Illinois and Florida since this case was commenced. A-Chicago Tech, L.L.C.'s members were, and have been ever since this case was commenced, four express trusts; Ruff Investment A Trust, Ruff Family GST Trust, Edward H. Ruff Revocable Trust, and William Protz Investment Trust. Donald A. Glassberg, who is a citizen of Illinois, is the trustee of Ruff Investment A Trust, Ruff Family GST Trust, and William Protz Investment Trust. Edward H. Ruff, who is a citizen of Florida, is the trustee of Edward H. Ruff Revocable Trust. The trustees of the above-referenced trusts are active trustees whose control over the assets held in their names is real and substantial.

[2] At the time this action was commenced and ever since, Tinsel/Ruff Group Limited Partnership's general partners were and have been National Tinsel Mfg. Co., which was and has been a corporation organized and existing under the laws of Wisconsin with its principal place of business in Illinois, and Edward H. Ruff and Associates, Inc., which was and has been a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois. Tinsel/Ruff Group Limited Partnership's limited partners were and have all been citizens of Illinois or Connecticut.

8. Border Alliance represented to Santa's Best that it possessed experience and expertise that qualified it to conduct a maquiladora operation on Santa's Best's behalf. Santa's Best retained Border Alliance to be its consultant, representative, and agent with regard to the maquiladora operation in Matamoros, Mexico based on these representations.

9. Border Alliance agreed that it would be obligated for conducting all aspects of the maquiladora operation in Matamoros, Mexico, including, without limitation, administration, labor, utilities, office equipment, importing, exporting, warehousing, and other matters necessary to facilitate the smooth operations of the maquiladora operations. Border Alliance also agreed to counsel and advise Santa's Best with regard to all matters related to Mexican law or industry and trade customs in Mexico, including, without limitation, import/expert duties, taxes, and dealings with Mexican companies, citizens, and government officials and agencies. Border Alliance agreed to negotiate all transactions and contracts with Mexican citizens, companies, and government officials or agencies.

10. Santa's Best agreed to provide Border Alliance with raw materials, manufacturing equipment, and training regarding the operation, as well as reimbursement for lease expenses associated with obtaining a warehouse in Mexico.

11. Throughout its relationship with Border Alliance, Santa's Best entered into various agreements with Border Alliance. Santa's Best paid substantial compensation to Border Alliance to protect Santa's Best's interests and to minimize legal risks to Santa's Best in connection with the maquiladora operations in Matamoros, Mexico.

11

12. During the term of its association with Border Alliance, Santa's Best agreed to reimburse Border Alliance for the cost of a warehouse located at Calle 18 and Herrera in Matamoros, Mexico through June of 2002. However, Santa's Best did not agree to lease or to reimburse Border Alliance for its lease costs beyond June of 2002.

13. During the term of Santa's Best's relationship with Border Alliance, Santa's Best provided manufacturing equipment (the "Equipment") for the maquiladora operation in Matamoros, Mexico, which was shipped from the United States to Mexico.

14. Mexican officials assessed duties against Border Alliance for the product it manufactured to be sold by Santa's Best. Border Alliance advised and counseled Santa's Best to pay these duties assessed against Border Alliance in full so the product would be released, even though Border Alliance now admits that the duties should not have been paid in full because they exceeded the amount legally required to be paid by over $100,000.

15. Under the terms of Santa's Best's arrangement with Border Alliance, Santa's Best had the right to withdraw from its association with the maquiladora operations in Matamoros, Mexico, provided it gave notice one year in advance of its withdrawal.

16. In November 2000, Santa's Best gave notice to Border Alliance that it intended to withdraw from its relationship with Border Alliance with regard to the maquiladora operations at Matamoros, Mexico effective November 2001.

17. In connection with Santa's Best's withdrawal from the Matamoros, Mexico arrangement, Border Alliance and/or AL claim to have terminated union workers and other personnel.

18.  Border Alliance and AL claim in this lawsuit that Santa's Best is obligated to pay liquidation costs associated with the termination of twenty (20) union workers and "additional personnel." Border Alliance and AL also claim that Santa's Best is obligated to pay certain unspecified taxes, insurance costs, "piece rate amounts for various products," and lease expenses for the warehouse in Matamoros, Mexico through December 31, 2003.

19.  Border Alliance and AL have also refused to return Santa's Best's manufacturing equipment, which Santa's Best provided to the maquiladora operation in Matamoros, Mexico for the sole purpose of manufacturing products for Santa's Best.

### COUNT I
### (Negligence: Border Alliance)

20.  Santa's Best incorporates by reference the allegations of paragraphs 1-20 of this Counterclaim.

21.  As alleged in paragraphs 7-10, Border Alliance agreed to act as Santa's Best's professional consultant, representative and agent with regard to the maquiladora operations in Matamoros, Mexico.

22.  As a result, Border alliance owed a duty to exercise due care and act with the professional competence of the ordinary expert in its field of support expertise.

23.  As alleged in paragraphs 7-19, Border Alliance breached its duty of care.

24.  As a proximate result of Border Alliance's breach, Santa's Best has been damaged. Santa's Best has overpaid Mexican import duties by over $100,000 and the overpayment has not been recovered. Furthermore, to the extent Santa's Best becomes liable to AL to pay any of the sums it claims in this case, that outcome will be

13

the proximate result of Border Alliance's breach.

## COUNT II
### (Breach of Fiduciary Duty: Border Alliance)

25. Santa's Best incorporates by reference the allegations of paragraphs 1-24 of this Counterclaim.

26. As alleged in paragraphs 7-10, Border Alliance was acting as Santa's Best's agent at all times relevant to this case.

27. As Santa's Best's agent, Border Alliance owed Santa's Best fiduciary duties of loyalty and due care.

28. As alleged in paragraphs 7-19, Border Alliance breached its fiduciary duties to Santa's Best.

29. As a proximate result of Border Alliance's breach, Santa's Best has been damaged. Santa's Best has overpaid Mexican export duties by over $100,000 and the overpayment has not been recovered. Furthermore, to the extent Santa's Best becomes liable to AL to pay any of the sums it claims in this case, that outcome will be the proximate result of Border Alliance's breach.

## COUNT III
### (Breach of Contract: Border Alliance)

30. Santa's Best incorporates by reference the allegations of paragraphs 1-29 of this Counterclaim.

31. As alleged in paragraphs 7-10, Santa's Best and Border Alliance had an agreement under which Border Alliance represented it would and agreed to accept responsibility for conducting all aspects of the maquiladora operation in Matamoros, Mexico, and to counsel and advise Santa's Best with regard to all matters related to

Mexican law or industry and trade customs in Mexico.

32.　As alleged in paragraphs 7-19, Border Alliance breached its contractual obligations to Santa's Best.

33.　As a proximate result of Border Alliance's breach, Santa's Best has been damaged. Santa's Best has overpaid Mexican import duties by over $100,000 and the overpayment has not been recovered. Furthermore, to the extent Santa's Best becomes liable to AL to pay any of the sums it claims in this case, that outcome will be the proximate result of Border Alliance's breach.

## COUNT IV
### (Replevin)

34.　Santa's Best incorporates by reference the allegations of paragraphs 1-33 of this Counterclaim.

35.　Santa's Best has demanded that AL and Border Alliance surrender and return all of the Equipment to Santa's Best.

36.　Santa's Best is lawfully entitled to the immediate possession of the Equipment.

37.　AL and Border Alliance have failed and refused to surrender the Equipment to Santa's Best, though due demand has been made upon them.

38.　The Equipment is wrongfully detained by AL and Border Alliance.

39.　The Equipment has not been taken for any tax, assessment or fine levied by virtue of any law of Texas or Mexico against property of Santa's Best, or against Santa's Best individually, nor has it been seized under any lawful process against the goods and chattels of Santa's Best subject to such lawful process, nor is it held by virtue

of any order of replevin against Santa's Best.

40. The approximate liquidation value of the Equipment is in excess of $100,000.

41. Santa's Best claims the value of any part of the Equipment not delivered under the order of replevin sought herein and entered by this Court.

## COUNT V
### (Trespass to Personalty)

42. Santa's Best hereby realleges paragraphs 1-41 and incorporates them herein by reference.

43. The actions of Border Alliance and AL outlined above have injured and interfered with Santa's Best's possession of the Equipment.

44. Border Alliance and AL have intentionally committed those actions.

45. The trespass of Border Alliance and AL to the Equipment has proximately cost, and will continue to proximately cost, Santa's Best to suffer extensive damages.

46. Santa's Best is entitled to recover all actual and consequential damages that it has incurred as a result of the trespass to the Equipment by AL and Border Alliance. In addition, the actions of AL and Border Alliance have been willful and malicious and, therefore, Santa's Best is entitled to recover exemplary/punitive damages.

WHEREFORE, Santa's Best respectfully requests that the Court:

A. Enter a judgment against Border Alliance in favor of Santa's Best in an amount equal to the actual damages (including the attorneys' fees and costs associated with defending against AL's claims) incurred by Santa's Best as a result of Border Alliance's breaches;

B. Order Border Alliance to indemnify, and hold harmless, Santa's Best with regard to any judgment entered in this case against Santa's Best in favor of AL;

C. Enter an order of replevin directing the United States Marshal or other appropriate law enforcement officers to take all of the Equipment, and deliver the same to Santa's Best or, if the Equipment is not found and delivered, to answer to Santa's Best for the value thereof;

D. Award Santa's Best punitive damages; and

E. Grant Santa's Best such other or further relief as the Court deems just and proper.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Joseph A. "Tony" Rodriguez  w/ permission McFarland
Attorney In Charge
State Bar No. 17146600
Southern District of Texas Bar No. 10107
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telecopier: (956) 541-2170

17

Beau T. Greiman
Illinois Bar No. 6225076
LEVENFELD PEARLSTEIN
33 West Monroe Street, 21st Floor
Chicago, Illinois 60603
Telephone: (312) 346-8380
Telecopier: (312) 346-8434

ATTORNEYS FOR DEFENDANT,
SANTA'S BEST

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Santa's Best's Answer, Affirmative Defenses, and Counterclaims to Complaint was served upon all counsel of record, to-wit:

Phil A. Bellamy
Law Office of Phil A. Bellamy
815 Ridgewood
Brownsville, Texas 78520
Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 25th day of April, 2002.

_____
Joseph A. "Tony" Rodriguez