5

IN THE UNITED STATES DISTRICT COURT FOR THE United States District Court
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION Southern District of Texas
FILED

| | | |
|---|---|---|
| BORDER ALLIANCE, L.L.C., a | ) | APR 2 5 2002 |
| Texas limited liability company, and | ) | |
| ACCESORIOS ILIMITADOS, a | ) | Michael N. Milby |
| Mexican corporation, | ) | Clerk of Court |
| | ) | |
| Plaintiffs, | ) | Civil Action No. B-02 079 |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM F. PROTZ, JR. and | ) | |
| SANTA'S BEST, an Illinois | ) | |
| general partnership, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM IN SUPPORT OF DEFENDANT PROTZ'S
## MOTION TO DISMISS

NOW COMES Defendant, William F. Protz, Jr. ("Protz"), and for his memorandum in support of his motion to dismiss the claims against him in Plaintiffs' Original Petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

### FACTUAL BACKGROUND[1]

In their Original Petition, Plaintiffs claim that Protz entered into some unspecified contractual arrangements with Plaintiff Border Alliance and some unspecified third parties, but the Plaintiffs do not specify the nature of these obligations. Specifically, Plaintiffs allege that "[i]n 1995, Defendant Santa's Best and Defendant William F. Protz, Jr. entered into various contracts with Plaintiff Border Alliance and third parties in connection with a maquiladora operation run in Matamoros, Tamaulipas, Mexico on

---

[1] These facts are drawn from the allegations of the Original Petition, which are taken as true solely for the purpose of Protz's motion to dismiss.  Protz reserves the right to contest any of these allegations for any other purpose in this case.