IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BORDER ALLIANCE AND ACCESORIOS ILIMITADOS | § § § | |
| VS. | § § | CIVIL NO. B-02-079 |
| WILLIAM F. PROTZ, JR. AND SANTA'S BEST | § § § | |

### PLAINTIFFS' ANSWER TO DEFENDANT SANTA'S BEST'S COUNTERCLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Border Alliance and Accesorios Ilimitados, Plaintiffs, file this their answer to Defendant Santa's Best's Counterclaims and would show the Court the following:

1. Upon information and belief, Plaintiff Accesorios Ilimitados ("AL") has been a corporation organized and existing under the laws of Mexico with its principal place of business in Matamoros, Mexico.

**Answer:** Plaintiffs admit the allegations of paragraph 1.

2. Upon information and belief, Plaintiff Border Alliance, L.L.C. is a Texas limited liability company and all of its members are citizens of Texas.

**Answer:** Plaintiffs deny the allegations of paragraph 2.

3. Defendant, Santa's Best is an Illinois general partnership.

**Answer:** Plaintiffs admit the allegations of paragraph 3.

4. Santa's Best's partners were and have been A-Chicago Tech, L.L.C., which was and has been a citizen of Illinois and Florida,[1] and Tinsel/Ruff Group Limited

---

[1] The members of A-Chicago Tech, L.L.C., which is a Delaware L.L.C., are and have been citizens of Illinois and Florida since this case was commenced. A-Chicago Tech, L.L.C.'s members were, and have been ever since this case was commenced, four express trusts; Ruff Investment A Trust, Ruff

Partnership, which was and has been a citizen of Illinois, Wisconsin, and Connecticut.[2]

**Answer:** Based on the information available to Plaintiffs, Plaintiffs cannot admit or deny the allegations of paragraph 4.

5.   Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Santa's Best is entitled to state these counterclaims against Plaintiffs because they arise out of the same transaction and occurrence that is the subject of the Plaintiffs' claims against them, and these counter claims may be adjudicated without the presence of any third parties over whom this Court cannot acquire jurisdiction.

**Answer:** Plaintiffs deny that Santa's Best is entitled to assert any counterclaims against Plaintiffs.

6.   Santa's Best manufactures and sells holiday decorations.

**Answer:** Plaintiffs admit that Santa's Best manufactures and sells holiday decorations.

7.   In 1997, Santa's Best began employing Border Alliance to assist it with the manufacturing of products in connection with a maquiladora operation in Matamoros, Mexico.

**Answer:** Plaintiffs deny the allegations of paragraph 7.

---

Family GST Trust, Edward H. Ruff Revocable Trust, and William Protz Investment Trust. Donald A. Glassberg, who is a citizen of Illinois, is the trustee of Ruff Investment A Trust, Ruff Family GST Trust, and William Protz Investment Trust. Edward H. Ruff, who is a citizen of Florida, is the trustee of Edward H. Ruff Revocable Trust. The trustees of the above-referenced trusts are active trustees whose control over the assets held in their names is real and substantial.

[2] At the time this action was commenced and ever since, Tinsel/Ruff Group Limited Partnership's general partners were and have been National Tinsel Mfg. Co., which was and has been a corporation organized and existing under the laws of Wisconsin with its principal place of business in Illinois, and Edward H. Ruff and Associates, Inc., which was and has been a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois. Tinsel/Ruff Group Limited Partnership's limited partners were and have all been citizens of Illinois or Connecticut.

8. Border Alliance represented to Santa's Best that it possessed experience and expertise that qualified it to conduct a maquiladora operation on Santa's Best's behalf. Santa's Best retained Border Alliance to be its consultant, representative, and agent with regard to the maquiladora operation in Matamoros, Mexico based on these representations.

**Answer:** Plaintiffs admits that Border Alliance possessed experience and expertise that qualified it to conduct a maquiladora operation and that contracts were entered into with Defendants. To the extent the allegations of paragraph 8 conflict with the contracts, Plaintiffs deny the allegations of paragraph 8.

9. Border Alliance agreed that it would be obligated for conducting all aspects of the maquiladora operation in Matamoros, Mexico, including, without limitation, administration, labor, utilities, office equipment, importing, exporting, warehousing, and other matters necessary to facilitate the smooth operations of the maquiladora operations. Border Alliance also agreed to counsel and advise Santa's Best with regard to all matters related to Mexican law or industry and trade customs in Mexico, including, without limitation, import/expert duties, taxes, and dealings with Mexican companies, citizens, and government officials and agencies. Border Alliance agreed to negotiate all transactions and contracts with Mexican citizens, companies, and government officials or agencies.

**Answer:** Plaintiffs admits that contracts were entered into with Defendants. To the extent the allegations of paragraph 9 conflict with the contracts, Plaintiffs deny the allegations of paragraph 9.

10. Santa's Best agreed to provide Border Alliance with raw materials, manufacturing equipment, and training regarding the operation, as well as reimbursement

for lease expenses associated with obtaining a warehouse in Mexico.

**Answer:** Plaintiffs admits that, among other obligations, Santa's Best agreed to provide raw materials and manufacturing equipment and that Santa's Best was and is obligated to make the lease payments under the lease at issue in this lawsuit. To the extent the allegations of paragraph 10 conflict with the contracts, Plaintiffs deny the allegations of paragraph 10.

11. Throughout its relationship with Border Alliance, Santa's Best entered into various agreements with Border Alliance. Santa's Best paid substantial compensation to Border Alliance to protect Santa's Best's interests and to minimize legal risks to Santa's Best in connection with the maquiladora operations in Matamoros, Mexico.

**Answer:** Plaintiffs admits that Santa's Best entered into various agreements with Border Alliance. To the extent the allegations of paragraph 8 conflict with the agreements, Plaintiffs deny the allegations of paragraph 11.

12. During the term of its association with Border Alliance, Santa's Best agreed to reimburse Border Alliance for the cost of a warehouse located at Calle 18 and Herrera in Matamoros, Mexico through June of 2002. However, Santa's Best did not agree to lease or to reimburse Border Alliance for its lease costs beyond June of 2002.

**Answer:** Plaintiffs admit that Santa's Best is obligated to make the lease payments under the lease at issue in this lawsuit. Plaintiffs deny the balance of the allegations of paragraph 12.

13. During the term of Santa's Best's relationship with Border Alliance, Santa's Best provided manufacturing equipment (the "Equipment") for the maquiladora operation in Matamoros, Mexico, which was shipped from the United States to Mexico.

**Answer:** Plaintiffs admit the allegations of paragraph 13.

14. Mexican officials assessed duties against Border Alliance for the product it manufactured to be sold by Santa's Best. Border Alliance advised and counseled Santa's Best to pay these duties assessed against Border Alliance in full so the product would be released, even though Border Alliance now admits that the duties should not have been paid in full because they exceeded the amount legally required to be paid by over $100,000.

**Answer:** Plaintiffs admit that duties were assessed and paid. Plaintiffs deny the balance of the allegations of paragraph 14.

15. Under the terms of Santa's Best's arrangement with Border Alliance, Santa's Best had the right to withdraw from its association with the maquiladora operations in Matamoros, Mexico, provided it gave notice one year in advance of its withdrawal.

**Answer:** Plaintiffs admit that Santa's Best did not have to continue its association upon one year notice, provided Santa's Best met its obligations as alleged in Plaintiffs' First Amended Original Complaint.

16. In November 2000, Santa's Best gave notice to Border Alliance that it intended to withdraw from its relationship with Border Alliance with regard to the maquiladora operations at Matamoros, Mexico effective November 2001.

**Answer:** Plaintiffs admit that Santa's Best gave notice at some point late in November 2000. Plaintiffs deny the balance of the allegations of paragraph 16.

17. In connection with Santa's Best's withdrawal from the Matamoros, Mexico arrangement, Border Alliance and/or AL claim to have terminated union workers and other personnel.

**Answer:** Plaintiffs admit that employees have or will be terminated as a result of Santa's Best's withdrawal. Plaintiffs deny the balance of the allegations of paragraph 17.

18. Border Alliance and AL claim in this lawsuit that Santa's Best is obligated to pay liquidation costs associated with the termination of twenty (20) union workers and "additional personnel." Border Alliance and AL also claim that Santa's Best is obligated to pay certain unspecified taxes, insurance costs, "piece rate amounts for various products," and lease expenses for the warehouse in Matamoros, Mexico through December 31, 2003.

**Answer:** Plaintiffs admit the allegations of paragraph 18.

19. Border Alliance and AL have also refused to return Santa's Best's manufacturing equipment, which Santa's Best provided to the maquiladora operation in Matamoros, Mexico for the sole purpose of manufacturing products for Santa's Best.

**Answer:** Plaintiffs deny the allegations of paragraph 19.

## COUNT I

### (Negligence: Border Alliance)

20. Santa's Best incorporates by reference the allegations of paragraphs 1-20 of this Counterclaim.

**Answer:** Plaintiffs deny the allegations of paragraph 20 except as stated in answer to paragraphs 1-20.

21. As alleged in paragraphs 7-10, Border Alliance agreed to act as Santa's Best's professional consultant, representative and agent with regard to the maquiladora operations in Matamoros, Mexico.

**Answer:** Plaintiffs deny the allegations of paragraph 21 except as stated in answer

to paragraphs 7-10.

22. As a result, Border alliance owed a duty to exercise due care and act with the professional competence of the ordinary expert in its field of support expertise.

**Answer:** Plaintiffs deny any duty except as imposed by the contracts at issue in this lawsuit. Plaintiffs deny the balance of the allegations of paragraph 22.

23. As alleged in paragraphs 7-19, Border Alliance breached its duty of care.

**Answer:** Plaintiffs deny the allegations of paragraph 23.

24. As a proximate result of Border Alliance's breach, Santa's Best has been damaged. Santa's Best has overpaid Mexican import duties by over $100,000 and the overpayment has not been recovered. Furthermore, to the extent Santa's Best becomes liable to AL to pay any of the sums it claims in this case, that outcome will be the proximate result of Border Alliance's breach.

**Answer:** Plaintiffs deny the allegations of paragraph 24.

## COUNT II

### (Breach of Fiduciary Duty: Border Alliance)

25. Santa's Best incorporates by reference the allegations of paragraphs 1-24 of this Counterclaim.

**Answer:** Plaintiffs deny the allegations of paragraph 25 except as stated in answer to paragraphs 1-24.

26. As alleged in paragraphs 7-10, Border Alliance was acting as Santa's Best's agent at all times relevant to this case.

**Answer:** Plaintiffs deny the allegations of paragraph 26 except as stated in answer to paragraphs 7-10.

27. As Santa's Best's agent, Border Alliance owed Santa's Best fiduciary duties of loyalty and due care.

**Answer:** Plaintiffs deny the allegations of paragraph 27.

28. As alleged in paragraphs 7-19, Border Alliance breached its fiduciary duties to Santa's Best.

**Answer:** Plaintiffs deny the allegations of paragraph 28.

29. As a proximate result of Border Alliance's breach, Santa's Best has been damaged. Santa's Best has overpaid Mexican export duties by over $100,000 and the overpayment has not been recovered. Furthermore, to the extent Santa's Best becomes liable to AL to pay any of the sums it claims in this case, that outcome will be the proximate result of Border Alliance's breach

**Answer:** Plaintiffs deny the allegations of paragraph 29.

## COUNT III

### (Breach of Contract: Border Alliance)

30. Santa's Best incorporates by reference the allegations of paragraphs 1-29 of this Counterclaim.

**Answer:** Plaintiffs deny the allegations of paragraph 30 except as stated in answer to paragraphs 1-29.

31. As alleged in paragraphs 7-10, Santa's Best and Border Alliance had an agreement under which Border Alliance represented it would and agreed to accept responsibility for conducting all aspects of the maquiladora operation in Matamoros, Mexico, and to counsel and advise Santa's Best with regard to all matters related to Mexican law or industry and trade customs in Mexico.

**Answer:** Plaintiffs deny the allegations of paragraph 31 except as stated in answer to paragraphs 7-10.

32. As alleged in paragraphs 7-19, Border Alliance breached its contractual obligations to Santa's Best.

**Answer:** Plaintiffs deny the allegations of paragraph 32.

33. As a proximate result of Border Alliance's breach, Santa's Best has been damaged. Santa's Best has overpaid Mexican import duties by over $100,000 and the overpayment has not been recovered. Furthermore, to the extent Santa's Best becomes liable to AL to pay any of the sums it claims in this case, that outcome will be the proximate result of Border Alliance's breach.

**Answer:** Plaintiffs deny the allegations of paragraph 33.

## COUNT IV

### (Replevin)

34. Santa's Best incorporates by reference the allegations of paragraphs 1-33 of this Counterclaim.

**Answer:** Plaintiffs deny the allegations of paragraph 34 except as stated in answer to paragraphs 1-33.

35. Santa's Best has demanded that AL and Border Alliance surrender and return all of the Equipment to Santa's Best.

**Answer:** Plaintiffs deny the allegations of paragraph 35.

36. Santa's Best is lawfully entitled to the immediate possession of the Equipment.

**Answer:** Plaintiffs deny the allegations of paragraph 36.

37.   AL and Border Alliance have failed and refused to surrender the Equipment to Santa's Best, though due demand has been made upon them.

**Answer:** Plaintiffs deny the allegations of paragraph 37.

38.   The Equipment is wrongfully detained by AL and Border Alliance.

**Answer:** Plaintiffs deny the allegations of paragraph 38.

39.   The Equipment has not been taken for any tax, assessment or fine levied by virtue of any law of Texas or Mexico against property of Santa's Best, or against Santa's Best individually, nor has it been seized under any lawful process against the goods and chattels of Santa's Best subject to such lawful process, nor is it held by virtue of any order of replevin against Santa's Best.

**Answer:** Plaintiffs deny the allegations of paragraph 39.

40.   The approximate liquidation value of the Equipment is in excess of $100,000.

**Answer:** Plaintiffs deny the allegations of paragraph 40.

41.   Santa's Best claims the value of any part of the Equipment not delivered under the order of replevin sought herein and entered by this Court.

**Answer:** Plaintiffs deny that Santa's Best is entitled to claim the value of any part of the Equipment not delivered under the order of replevin sought herein and deny that the Court should enter an order of replevin.

### COUNT V

### (Trespass to Personalty)

42.   Santa's Best hereby realleges paragraphs 1-41 and incorporates them herein by reference.

**Answer:** Plaintiffs deny the allegations of paragraph 42 except as stated in answer

to paragraphs 1-41.

43.   The actions of Border Alliance and AL outlined above have injured and interfered with Santa's Best's possession of the Equipment.

**Answer:** Plaintiffs deny the allegations of paragraph 43.

44.   Border Alliance and AL have intentionally committed those actions.

**Answer:** Plaintiffs deny the allegations of paragraph 44.

45.   The trespass of Border Alliance and AL to the Equipment has proximately cost, and will continue to proximately cost, Santa's Best to suffer extensive damages.

**Answer:** Plaintiffs deny the allegations of paragraph 45.

46.   Santa's Best is entitled to recover all actual and consequential damages that it has incurred as a result of the trespass to the Equipment by AL and Border Alliance. In addition, the actions of AL and Border Alliance have been willful and malicious and, therefore, Santa's Best is entitled to recover exemplary/punitive damages.

**Answer:** Plaintiffs deny the allegations of paragraph 46.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendant Santa's Best take nothing by way of its counterclaims and for such other and further relief, at law or in

equity, general or special, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF PHIL A. BELLAMY**
815 Ridgewood
Brownsville, Texas 78520
(956) 546-9345
(956) 544-7201 (Fax)

By: _/s/ Phil A. Bellamy_
Phil A. Bellamy
State Bar No. 00787065
Federal ID No. 17505

Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has on this the 15th day of May, 2002, been forwarded via certified mail, return receipt requested, to:

Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren Street
Brownsville, Texas 78522
(CM-RRR No. 7001 0320 0005 3381 9390)

_/s/ Phil A. Bellamy_
Phil A. Bellamy