IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BORDER ALLIANCE AND ACCESORIOS ILIMITADOS | § § § |
| VS. | § § CIVIL NO. B-02-079 <br> § ~~CRIMINAL NO. B-99-182-02~~ |
| WILLIAM F. PROTZ, JR. AND SANTA'S BEST | § § § |

### PLAINTIFFS' RESPONSE TO DEFENDANT PROTZ'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL PETITION UNDER RULE 12(b)(6) AND MEMORANDUM IN SUPPORT OF DEFENDANT PROTZ'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Border Alliance and Accesorios Ilimitados, Plaintiffs, file this their Response to Defendant Protz's Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(6) and Memorandum in Support of Defendant Protz's Motion to Dismiss, and would respectfully show the Court the following:

I

Plaintiffs sued Defendant Santa's Best and Defendant Protz for breaches of contracts relating to a maquiladora operation. The allegations against both defendants are the same and yet Defendant Santa's Best, represented by the same attorney who represents Defendant Protz, has not filed a Motion to Dismiss.

II

Defendant Protz makes three arguments supporting his motion to dismiss for failure to state a claim upon which relief can be granted: 1.) Plaintiffs' allegations are conclusory; 2.) Plaintiffs have not alleged several of the necessary elements of a breach of contract

claim; and 3.) Plaintiffs have failed to allege that Defendant Protz entered into the contracts in his personal capacity.

III

If the first two arguments had any merit, counsel for Santa's Best and Protz would have raised them on behalf of Santa's Best.

IV

In any event, Plaintiffs have filed Plaintiffs' First Amended Original Complaint which provides more detail and copies of the contracts at issue in this lawsuit are attached to Plaintiffs' First Amended Original Complaint as Exhibits A-D.

V

Plaintiffs allege all the elements of a breach of contract action with respect to both Defendants and the allegations along with the copies of the contracts give Defendant Protz fair notice of the claims against him.

VI

Defendant Protz's Motion to Dismiss relies primarily on his third argument ("...Plaintiffs have failed to allege that Protz entered into the alleged 'various contracts' in his personal capacity, rather than as an agent of Santa's Best.").

VII

Defendant Protz does not state that he did not enter into the contracts in his personal capacity; he merely states that Plaintiffs have failed to allege that he did so. Plaintiffs have amended their pleadings to allege the following:

"Defendant Protz signed all four contracts. On three of the contracts,

'Santa's Best' appears above or below Defendant Protz's signature and name. See Exhibits B-D. None of the signature lines for Defendant Protz include the phrase 'as agent for Santa's Best,' 'the authorized officer of Santa's Best,' or some similar phrase. Accordingly, Defendant is personally liable under one or more of these contracts.

"Further, upon information and belief, Defendant Protz has an interest in the subject matter of the contracts and is also personally liable for this reason."

Paragraphs V & VI of Plaintiffs' First Amended Original Complaint.

## VIII

The law does not presume agency. Southwestern Bell Media, Inc. v. Trepper, 784 S.W.2d 68, 71 (Tex. App.–Dallas 1989, no writ). Further, the burden of proof is on the person claiming he acted as an agent. Id. at 72. Defendant Protz has the burden of proving that he acted solely as agent and this question is a question for trial.

## IX

Further, "[a]n agent may be personally liable on contracts made for the benefit of his or her principal where the agent has pledged the agent's own responsibility in addition to that of his or her principal." 3 Tex. Jur. 3d, Agency § 186 (2002). The Texas Commission of Appeals reached the same conclusion. American Nat. Bank v. American Loan & Mortgage Co., 228 S.W. 169, 171 (Tex. Comm'n App.1921, jdgmt adopted).

## X

Defendant Protz has the burden of establishing that he does not come under this

rule.

## XI

Further, Section 196 of Texas Jurisprudence, 3rd Edition, provides in part the following:

> "If the agent has an interest in the subject matter of the contract made for the benefit of the agent's principal, the agent is personally liable on the contract. This exception to the general rule that an agent is not liable on contracts made for the benefit of the principal applies whether or not the agent professes to act as an agent."

3 Tex. Jur. 3d, Agency § 196 (2002).

## XII

With regard to Plaintiffs' allegation, made upon information and belief, that Defendant Protz has such an interest, Defendant Protz's Motion to Dismiss is premature and should be deferred until the trial.

## XIII

Some evidence of Defendant Protz's interest in the subject matter of the contracts is contained in Defendants' Notice of Removal. In Defendants' Notice of Removal, Defendants state that one of the two general partners of Defendant Santa's Best is and has been A-Chicago Tech, L.L.C. They admit in their Notice that one of A-Chicago Tech, L.L.C.'s members is the William Protz Investment Trust.

## XIV

Plaintiffs have alleged a breach of contract cause of action against Defendant Protz

upon which relief can be granted and Defendant Protz has failed to establish that he was acting merely as the agent of Defendant Santa's Best.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendant Protz's Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(6) be denied, and for such other and further relief, at law or in equity, general or special, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF PHIL A. BELLAMY**
815 Ridgewood
Brownsville, Texas 78520
(956) 546-9345
(956) 544-7201 (Fax)

By: /s/ Phil A. Bellamy

Phil A. Bellamy
State Bar No. 00787065
Federal ID No. 17505

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has on this the 15th day of May, 2002, been forwarded via certified mail, return receipt requested, to:

Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren Street
Brownsville, Texas 78522
(CM-RRR No. 7001 0320 0005 3381 9390)

/s/ Phil A. Bellamy

**LAW OFFICE OF PHIL A. BELLAMY**
815 Ridgewood
Brownsville, Texas 78520
(956) 546-9345
(956) 544-7201 Fax

May 15, 2002

Mr. Michael Milby
United States District Clerk
United States Courthouse
600 East Harrison Street
Brownsville, Texas 78520

Re:  Civil Action No. B-02-079, Border Alliance and Accesorios Ilimitados vs. William F. Protz, Jr. and Santa's Best, in the United States District Court, Southern District of Texas, Brownsville Division

Dear Mr. Milby:

Enclosed for filing in the above-styled and numbered cause, please find the original and four copies of the following:

1. Plaintiffs' First Amended Original Complaint;
2. Plaintiffs' Answer to Defendant Santa's Best's Counterclaims;
3. Plaintiffs' Response to Defendant William F. Protz, Jr.'s Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(6) and Memorandum in Support of Defendant William F. Protz, Jr.'s Motion to Dismiss; and
4. Proposed Order Denying Defendant William F. Protz, Jr.'s Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(6).

Thank you for your courtesies and assistance in this matter. Please call me if you have any questions.

Sincerely,

*/s/ Phil A. Bellamy*
Phil A. Bellamy

PAB:sm
Encl.
C:\MyFiles\PB\02-196-Carroll\USCVRLTR3.wpd

cc:  Border Alliance
     Mr. Joseph A. Rodriguez (CM-RRR No. 7001 0320 0005 3381 9390)