United States District Court
Southern District of Texas
FILED
MAY 28 2002
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

BORDER ALLIANCE, L.L.C., a )
Texas limited liability company, and )
ACCESORIOS ILIMITADOS, a )
Mexican corporation, )
)
    Plaintiffs, )  Civil Action No. B-02 079
)
vs. )
)
WILLIAM F. PROTZ, JR. and )
SANTA'S BEST, an Illinois )
general partnership, )
)
    Defendants.

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PROTZ'S MOTION TO DISMISS

NOW COMES Defendant, William F. Protz, Jr. ("Protz"), and for his reply memorandum in support of his motion to dismiss the claims against him in Plaintiffs' Original Petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

### ARGUMENT

In his initial memorandum in support of his motion to dismiss, Protz demonstrated that the breach of contract claim against him in Plaintiffs' Original Petition should be dismissed because: (1) the Plaintiffs merely allege he and his employer, Santa's Best, "entered into various contracts" without alleging the nature of the contracts, attaching the contracts, or describing how the contracts came into existence; (2) the Plaintiffs fail to allege anything regarding three of the four necessary elements of a breach of contract claim; and (3) the Plaintiffs fail to allege Protz entered into the "various contracts" in his personal capacity, rather than as an agent of Santa's Best.

(Protz's Mem. at 2-4.) In their response, the Plaintiffs essentially ignore the first two grounds for dismissal demonstrated by Protz, even though either ground is sufficient for this Court to dismiss the Plaintiffs' claim against Protz. Instead, the Plaintiffs merely argue against Protz's third ground for dismissal (the Plaintiffs' failure to allege Protz entered into the "various contracts" in his personal capacity) based on allegations contained in an Amended Original Petition, which was filed without leave of this Court and without the Defendants' written consent. The Plaintiffs' approach is entirely improper.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff cannot amend its complaint after a responsive pleading is served on it, unless it obtains leave of court or written consent from the defendants. Fed. R. Civ. P. 15(a). Here, the Plaintiffs neither obtained leave from this Court nor written permission from the Defendants. Thus, the Plaintiffs' Amended Original Petition is a nullity, and the Plaintiffs cannot save their Original Petition by relying on the allegations contained in that amended pleading.[1]

Moreover, the Plaintiffs' reliance on *Southwestern Bell Media, Inc. v. Trepper* is misplaced because there the president of a company was held personally liable on a contract only because he failed to disclose the true identity of his corporate principal. 784 S.W.2d 68, 72 (Tex. Ct. App. 1990). Here, the Plaintiffs' very own allegations reveal they knew the identity of Protz's principal, Santa's Best. (Pls.' Pet. at ¶ 111.) This is not a case where Protz held himself out as the principal or neglected to disclose

---

[1] If the Plaintiffs do eventually obtain leave to file an amended complaint, Protz respectfully requests an opportunity to file a new motion to dismiss regarding that amended pleading.

2

his true principal's identity. *Id.* Instead, this is a case involving allegations of company contracts between Santa's Best and Border Alliance, which are not rendered the personal contracts of Protz simply because he allegedly signed them. *See Star Supply Co. v. Jones*, 665 S.W.2d 194, 198 (Tex. Ct. App. 1982) (holding the signature of a company's employee or officer on a company contract "does not render it his personal contract").

Contrary to Plaintiffs' arguments, they do not allege in their Original Petition that Protz had a personal interest in the subject matter of the alleged contracts. They do not allege Protz had any rights or received any benefits under the contracts. Indeed, they do not even allege he assumed any duties under the contracts.

THEREFORE, for all of the reasons set forth in this Memorandum and in Protz's initial memorandum in support of his motion to dismiss the Plaintiffs' Original Petition, Protz respectfully requests that this Court dismiss the claim against him in the Original Petition with prejudice.

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Joseph A. "Tony" Rodriguez
Attorney In Charge
State Bar No. 17146600
Southern District of Texas Bar No. 10107
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telecopier: (956) 541-2170

> Beau T. Greiman
> Illinois Bar No. 6225076
> LEVENFELD PEARLSTEIN
> 33 West Monroe Street, 21st Floor
> Chicago, Illinois 60603
> Telephone: (312) 346-8380
> Telecopier: (312) 346-8434
>
> ATTORNEYS FOR DEFENDANT,
> WILLIAM F. PROTZ, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Reply Memorandum in support of Defendant Protz's Motion to Dismiss was served upon all counsel of record, to-wit:

> Phil A. Bellamy
> Law Office of Phil A. Bellamy
> 815 Ridgewood
> Brownsville, Texas 78520
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 28th day of May, 2002.

_____
Joseph A. "Tony" Rodriguez