*14*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BORDER ALLIANCE, L.L.C. AND ACCESORIOS ILIMITADOS | § § § § § § § | |
| vs. | | CIVIL ACTION NO. B-02-079 |
| WILLIAM F. PROTZ, JR. AND SANTA'S BEST | | |

### PLAINTIFFS' REPLY TO REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PROTZ'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs file this Reply to *Defendant's Reply Memorandum in Support of Defendant Protz's Motion to Dismiss* and would show the Court the following:

1. Plaintiffs have set out in detail in their *Original Petition*, their *First Amended Original Complaint*, and their *Response to Defendant William F. Protz, Jr.'s Motion to Dismiss* the details regarding the contracts entered and breached by both Defendants.

2. Furthermore, Plaintiffs have set out how Defendant Protz is personally liable.

3. On one hand, Defendants attack the sufficiency of the allegations contained in the *Original Petition* filed in state court, and on the other hand, do not want this Court to consider *Plaintiff's First Amended Original Complaint*.

4. Contrary to Defendants' assertions, Plaintiffs cite *Southwestern Bell Media, Inc. v. Trepper*, 784 S.W.2d 68, 71 - 72 (Tex. App. - Dallas 1990, no pet. h.) solely for the proposition that the law does not presume agency and that the burden of proof is on the person claiming he acted solely as agent. Defendant Protz has not met his burden.

5. Furthermore, where an agent such as Defendant Protz pledges his own responsibility in addition to that of his principal, he is personally liable.

6. In addition, upon information and belief, as alleged in *Plaintiffs' First Amended Original Complaint,* Defendant Protz has a personal interest in the subject matter of the contracts. Defendants again want to ignore *Plaintiffs' First Amended Original Complaint* and attack the sufficiency of *Plaintiffs' Original Petition* filed in state court.

7. As stated in *Plaintiffs' Response to Defendant Protz's Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(6) and Memorandum in Support of Defendant Protz's Motion to Dismiss,* an agent with an interest in the subject matter of a contract is personally liable on that contract. This rule applies to Defendant Protz in this case.

8. Defendant Protz has failed to establish that he was acting merely as the agent for Santa's Best and his *Motion to Dismiss* should be denied, or in the alternative, a decision should be deferred until the time of trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that the Court deny *Defendant Protz's Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(6) and Memorandum in Support of Defendant Protz's Motion to Dismiss* and for such other and further relief, at law or in equity, legal or special, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF PHIL A. BELLAMY**
815 Ridgewood
Brownsville, Texas 78520
(956) 546-9345
(956) 544-7201 (Fax)

By: _/s/ Phil A. Bellamy_
Phil A. Bellamy
State Bar No. 00787065
Federal ID No. 17505
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that today, the 19th day of June, 2002, I served lead counsel of record as shown below, with a true and correct copy of the foregoing *Plaintiffs' Reply to Defendant's Reply Memorandum in Support of Defendant Protz's Motion to Dismiss* by causing deposit thereof in a post office or official depository under the care and custody of the United States Postal Service in a postpaid properly addressed wrapper to:

Mr. Joseph A. "Tony" Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
(CM-RRR No. 7001 0320 0005 3381 9055)

_/s/ Phil A. Bellamy_
Phil A. Bellamy