*19*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 1 2 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BORDER ALLIANCE and | § | |
| ACCESORIOS ILIMITADOS, | § | |
| a Mexican corporation, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. B-02-079 |
| | § | |
| WILLIAM F. PROTZ, JR. and | §· | |
| SANTA'S BEST, an Illinois | § | |
| general partnership, | § | |
| | § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    Counsel for the parties conferred telephonically in the week leading up to August 12, 200. Appearing for the plaintiffs was Phil A. Bellamy of the Law Office of Phil A. Bellamy. Appearing for Defendants was Joseph A. "Tony" Rodriguez of Rodriguez, Colvin & Chaney, L.L.P.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3.  <u>Briefly</u> describe what this case is about.

    Under various contracts, Plaintiffs ran a maquiladora operation for Defendants. Defendants decided to withdraw from Mexico and the dispute between Plaintiffs and Defendants relates to whether Defendant is responsible under the various contracts for taxes, severance pay and "liquidations" for Mexican employees, and lease payments.

4.  Specify the allegation of federal jurisdiction.

    Diversity Jurisdiction under 28 U.S.C. § 1332.

5.    Name the parties who disagree and the reasons.

Not applicable.

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Plaintiffs believe that Clarence Carroll and possibly other persons are subject to arrest and criminal prosecution in Mexico as a result of Defendants' failure to fulfill their obligations under the contracts. Accordingly, Clarence Carroll and other persons possibly subject to such action may assert claims against Defendants. Otherwise, none known at this time.

7.    List anticipated interventions.

None anticipated.

8.    Describe class-action issues.

None.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties anticipate exchanging Rule 26 Disclosures within four weeks of filing this Joint Discovery/Case Management Plan.

10.    Describe the proposed agreed discovery plan, including:

A.    Responses to all the matters raised in Rule 26(f).

The parties anticipate exchanging Rule 26 Disclosures within four weeks of filing this Joint Discovery/Case Management Plan.

B.    When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiffs sent interrogatories, production requests, and requests for admissions to Defendants on August 1, 2002.

C.    When and to whom the defendant anticipates it may send interrogatories.

Defendants sent interrogatories and requests for production to Plaintiffs on July 18, 2002.

D.   Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiffs anticipate taking the deposition of the principle parties, people with knowledge of relevant facts and any experts designated by Defendants, including without limitation, William F. Protz, Jr., Richard Nugent, Ronal Droge, Cindy Haefke, and Edward H. Ruff.

E.   Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking the deposition of the principle parties, people with knowledge of relevant facts and any experts designated by Plaintiffs, including without limitation, Clarence Carroll, Elaine Carroll, Emily Hernandez, and Fernando Cortez.

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The parties agree that Plaintiffs will designate experts ninety (90) days before trial and Defendants will designate experts sixty (60) days before trial.

G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Plaintiffs anticipate taking the deposition of any expert Defendants designate. Plaintiffs anticipate they will be completed within thirty (30) days of trial.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Defendants anticipate taking the deposition of any expert Plaintiffs designate. Defendants anticipate they will be completed within thirty (30) days of trial.

11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

No disputes at this time.

12.   Specify the discovery beyond initial disclosures that has been undertaken to date.

Plaintiffs sent interrogatories, production requests, and requests for admissions to Defendants on August 1, 2002.  Defendants sent interrogatories and requests for

3

production to Plaintiffs on July 18, 2002.

13.    State the date the planned discovery can reasonably be completed.

Planned discovery can reasonably be completed within six (6) months.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Mediation is being contemplated.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties are willing to engage in settlement discussions though extended, pre-suit discussions were fruitless.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

The parties believe that mediation conducted by an experienced mediator knowledgeable about maquiladora operations could be helpful after discovery is complete. The parties are willing to work together to agree upon a mediator.

17.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Defendants agree to a trial before a magistrate judge. Plaintiffs do not.

18.    State whether a jury demand has been made and if it was made on time.

Defendants state that a timely jury trial demand was made.

19.    Specify the number of hours it will take to present the evidence in this case.

While it is difficult to determine prior to discovery, Defendant believes that the evidence in this case could be concluded in five trial days.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Plaintiffs' unopposed Motion for Leave to File Plaintiffs' First Amended Original Complaint.

21.     List other motions pending.

        Defendant Protz's Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(6).

22.     Indicate other matters peculiar to this case, including discovery, that deserve the special
        attention of the court at the conference.

        None.

23.     List the names, bar numbers, addresses and telephone numbers of all counsel.

        A.      Phil A. Bellamy
                State Bar No. 00787065
                Southern District of Texas Bar No. 17505
                Law Office of Phil A. Bellamy
                815 Ridgewood
                Brownsville, Texas 78520
                (956) 546-9345
                (956) 544-7201 (Fax)
                Attorney for Plaintiffs

                Joseph A. "Tony" Rodriguez
                State Bar No. 17146600
                Southern District of Texas Bar No. 10107
                Rodriguez, Colvin & Chaney, L.L.P.
                1201 East Van Buren
                Post Office Box 2155
                Brownsville, Texas 78522
                (956) 542-7441
                (956) 541-2170 (Fax)
                Attorney-in-Charge for Defendants

                Beau T. Greiman
                Illinois State Bar No. 6225076
                Levenfeld Pearlstein
                33 West Monroe Street, 21st Floor
                Chicago, Illinois 60603
                (312) 346-8380
                (312) 346-8434 (Fax)
                Attorney for Defendants

Davi L. Hirsch
Illinois State Bar No. 6182757
Levenfeld Pearlstein
211 Waukegan Road, Suite 300
Northfield, Illinois 60093
(847) 441-7676
(847) 441-9976 (Fax)
Attorney for Defendants

Dated: August 12, 2002

Respectfully submitted,

By: _____
Phil A. Bellamy
State Bar No. 00787065
Southern District of Texas Bar No. 17505
Law Office of Phil A. Bellamy
815 Ridgewood
Brownsville, Texas 78520
(956) 546-9345
(956) 544-7201 (Fax)
Attorney for Plaintiffs

Respectfully submitted,

By: _____
Joseph A. "Tony" Rodriguez
Fed Dne No. 10107 → State Bar No. 17146600
Southern District of Texas Bar No. 10107
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 (Fax)
Attorney-in-Charge for Defendants

6