IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 26 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| BORDER ALLIANCE, L.L.C., ET AL. § | |
| Plaintiffs § | |
| § | |
| v. § | C.A. No. B-02-79 |
| § | |
| WILLIAM F. PROTZ, JR. AND § | |
| SANTA'S BEST § | |
| Defendants. § | |

## ORDER

BE IT REMEMBERED that on March 24, 2003, the Court considered Defendant William F. Protz's Motion to Dismiss [Dkt. No. 4][1] and the responses thereto [Dkt. Nos. 10, 11, 14].  Defendant's Motion is **DENIED**.

Factual and Procedural Background:

In Plaintiffs' First Amended Original Complaint,[2] they alleged that "Defendant Protz and Defendant Santa's Best entered into various contracts with Plaintiffs and third parties in connection with a maquiladora operation run in Matamoros, Tamaulipas, Mexico on behalf of Defendant Santa's Best by Plaintiffs." Plaintiffs' First Amended Original Complaint, at p. 1 [Dkt. No. 8].  Plaintiffs allege that Santa's Best entered into contracts to pay all taxes, other than payroll taxes, liquidations of not more than twenty union workers plus additional personnel, and fire and theft insurance to cover Santa's Best's product.  Plaintiff alleges Santa's Best was also obligated under the contracts to pay rent for the facility in Mexico.  See id. at 2.  When Defendants terminated

---

[1] Defendants submitted the Motion to Dismiss only on behalf of Defendant Protz.

[2] Defendant Protz filed his Motion to Dismiss before Plaintiffs sought leave from the Court to amend their complaint.  At the Initial Pre-Trial Conference, however, Defendant Protz indicated to the Court he felt his Motion did not need to be reurged, as the legal arguments would not be altered based on the allegations in the amended complaint.  In their amended complaint Plaintiffs attached copies of the four contracts allegedly breached in this case and allegedly signed by William Protz.

1

operations in Mexico, Plaintiffs argue they breached their contractual obligations. As a result, Plaintiffs contend they suffered damages, including lost profits, loss of good will, and other incidental damages. See id. Plaintiffs allege Defendant Protz signed all four contracts at issue without indicating he was acting in a representative capacity, and as such Protz is personally liable. In addition, Plaintiffs allege Protz has a personal interest in the subject matter of the contracts, making him personally liable on the contracts. See id.

Defendant Protz's Arguments:

Protz argues Plaintiffs' allegations are insufficient for three main reasons: (1) Plaintiffs allege only legal conclusions without specifying even the general nature of the claims against Protz in this case; (2) Plaintiffs have failed to allege all the necessary elements of a breach of contract claim under Texas law and how the contracts created duties for Protz that he later breached; and (3) Plaintiffs failed to allege that Protz entered into the contracts in his personal capacity, rather than as an agent of Santa's Best. See Defendant's Motion to Dismiss, at p. 3-4 [Dkt. No. 5].

Rule 12(b)(6) Motion to Dismiss Standard:

A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." Lowrey v. Texas A & M University System, 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). See also Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). See also Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986). The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an

allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

Analysis:

It is settled that the law does not presume agency. See Lachmann v. Houston Chronicle Publishing Co., 375 S.W.2d 783, 785 (Tex. Civ. App. –Austin 1964, writ ref'd n.r.e.). It is the agent who has a duty to avoid personal liability on a contract entered into by him on behalf of a principal. The agent must (1) disclose that he is acting in a representative capacity, and (2) disclose the identity of his principal. See Southwestern Bell Media, Inc. v. Trepper, 784 S.W.2d 68, 71 (Tex. App. –Dallas 1989, no writ) (citing Mahoney v. Pitman, 43 S.W.2d 143, 146 (Tex. Civ. App. –Amarillo 1931, writ ref'd)). Agency is an affirmative defense and the individual asserting agency has the burden of proving he was in fact acting as an agent. See Southwestern Bell, 784 S.W.2d at 72 (citations omitted). In this case, Plaintiffs have alleged Protz is personally liable because none of his signatures identified him as an agent–no phrase indicating his representative status was included on or near the signature line of the contracts. See Plaintiffs' First Amended Original Complaint, at p. 2, ¶ V [Dkt. No. 8].

Furthermore, even a contract that discloses the identity of the principal, but does not indicate the individual signed the contract in a representative capacity does not satisfy the burden of proof required to demonstrate agency. See e.g., Imperial Premium Finance, Inc. v. Khoury, 129 F.3d 347, 355-56 (5th Cir. 1998); FDIC v. Trans Pacific Indus., Inc., 14 F.3d 10, 12 (5th Cir. 1994) (stating the general rule is that an individual must both name his principal and place "by" before his signature or show his title in the organization, and a contract displaying the principal's name and the individual's name without more would bind the individual personally); Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1207 (5th Cir. 1975); Seale v. Nichols, 505 S.W.2d 251, 253-54 (Tex. 1974). C.f. Griffin v. Ellinger, 538 S.W.2d 97, 99 (Tex. 1976) (holding that even when the name of the corporation was shown on the check and the account was that of the corporation, the individual who signed the check did not establish he was acting in his representative capacity).

In light of the law governing agency, Defendant has not demonstrated the Plaintiffs failed to state a claim against Protz personally. To the contrary, without certain indicators displayed by Defendant's signature that demonstrate Protz was acting in his representative capacity, Protz must shoulder the burden as an affirmative defense that an agency relationship existed. Further, Plaintiffs have successfully alleged the elements for a breach of contract claim, namely: "(1) the existence of a contract; (2) the creation of duties under the contract; (3) a breach of a duty by the defendants; and (4) damages sustained by the plaintiff as a result of the breach." Snyder v. Eanes Indp. Sch. Dist., 860 S.W.2d 692, 695 (Tex. App.–Austin 1993, writ denied). Defendant Protz, therefore, has failed to demonstrate the complaint should be dismissed because it does not "appear[ ] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. As a result, Defendant Protz's Motion to Dismiss is **DENIED**.

Defendants Protz and Santa's Best additionally filed a Motion to Extend Deadline for Dispositive Motions [Dkt. No. 42]. Defendants informed the Court that they have agreed with Plaintiffs to extend the discovery deadline until May, 2, 2003. As a result, Defendants request the dispositive motion deadline be extended until June 2, 2003. Because Defendants were unsuccessful in reaching Plaintiffs to determine whether they opposed this motion, it is **DENIED without prejudice**. Defendants may reurge their motion at such time as they communicate with Plaintiffs and determine they are not opposed.

DONE this 24th day of March 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge