IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 1 6 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| BORDER ALLIANCE, L.L.C., ET AL.<br>Plaintiffs | §<br>§<br>§ | |
| v. | § | C.A. No. B-02-79 |
| WILLIAM F. PROTZ, JR. AND<br>SANTA'S BEST<br>Defendants. | §<br>§<br>§<br>§ | |

## ORDER

BE IT REMEMBERED that on April 15, 2003, the Court **GRANTED** Defendants' Motion for Leave to File a Third Party Complaint against Clarence Carroll and Patsy Elaine Carroll [Dkt. No. 40].

This case involves a contract dispute in connection with a maquiladora operation in Matamoros, Tamaulipas, Mexico. Plaintiffs allege the named defendants entered into and breached contracts to pay all taxes, other than payroll taxes, liquidations of not more than twenty union workers plus additional personnel, and fire and theft insurance to cover Santa Best's product. In addition, Plaintiffs allege Santa's Best was obligated under the contracts to pay rent for the facility in Mexico. Plaintiffs contend they suffered damages as a result of Defendants' breach of the contracts.

Defendants request leave from the court to file a third-party complaint against Clarence Carroll and Patsy Elaine Carroll because these individuals should be held jointly and severally liable for actions they took on behalf of Plaintiff-Border Alliance. Defendants argue new information came to light after the Carrolls were deposed on January 29 and 30, 2003. During these depositions, Defendants claim they became aware "for the first time that Border Alliance is a two-person partnership between Clarence Carroll and Elaine Carroll, rather than a corporation or other limited liability entity." Defs' Motion for Leave to File Third-Party Complaint, at p. 1 [Dkt. No. 40]. Defendants also state they learned the Carrolls are allegedly "responsible for forging

1

three contracts upon which Plaintiffs base their claims in this case." Id. Finally, Defendants assert that granting them leave to file this complaint will not cause delay or prejudice the parties because the Carrolls have already been "intimately involved in directing this litigation on behalf of Plaintiffs." Id. at 2.

Federal Rule of Civil Procedure 14(a) states that a party must seek leave to file a third-party complaint when the third-party plaintiff files the complaint later than 10 days following service of the original answer. See also 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1454, at 422 (2d ed. 1990). Rule 14 was designed and implemented in an effort to promote judicial economy by eliminating duplicity of suits on similar issues and "circuity of action." See id. § 1443, at 300. See also, e.g., Anderson v. Production Management Corp., 1999 WL 605486, at * 1 (E.D. La. Aug. 11, 1999). "The district court is accorded wide discretion in determining whether to permit such third party procedure." McDonald v. Union Carbide Corp., 734 F.2d 182, 183 (5th Cir. 1984). Among factors the Court will consider are whether the parties will be prejudiced, the amount of delay and the reasonableness of such delay by the party seeking to file the third-party complaint, and the substance of the third-party complaint. See Wright, § 1443, at 300-11. The fact that a party seeks to file a third-party complaint after the date specified in the Court's scheduling order does not alone bar the filing of the complaint.

The Court notes at the outset that pursuant to Local Rule 7.4, this Motion for Leave to File Third-Party Complaint is deemed unopposed as Plaintiffs have not filed a response to the motion. Because of new information acquired during recent depositions, Defendants have established the necessity for adding the Carrolls as third-party defendants. The Court **GRANTS** Defendants' Motion for Leave to File Third-Party complaint [Dkt. No. 40].

DONE this 15th day of April 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

2