Case 1:02-cv-00079   Document 54   Filed in TXSD on 04/24/2003   Page 1 of 12

United States District Court
Southern District of Texas
FILED

APR 24 2003

Michael N. Milby
Clerk of Court

54

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER ALLIANCE, and ACCESORIOS ILIMITADOS, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. B-02 079 |
| vs. | ) ) ) | |
| WILLIAM F. PROTZ, JR. and SANTA'S BEST, an Illinois general partnership, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WILLIAM F. PROTZ, JR. and SANTA'S BEST, an Illinois general partnership, | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CLARENCE CARROLL and PATSY ELAINE CARROLL, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

## THIRD-PARTY COMPLAINT AGAINST
## CLARENCE CARROLL AND PATSY ELAINE CARROLL

NOW COME Defendants Santa's Best ("Santa's Best") and William F. Protz, Jr. ("Protz") (collectively the "Defendants"), and for their third-party complaint against Clarence Carroll and Patsy Elaine Carroll, state as follows:

### THE PARTIES

1.  Defendant Santa's Best is an Illinois general partnership.

2.    Santa's Best's partners were and have been A-Chicago Tech, L.L.C., which was and has been a citizen of Illinois and Florida,[1] and Tinsel/Ruff Group Limited Partnership, which was and has been a citizen of Illinois, Wisconsin, and Connecticut.[2]

3.    Third-Party Defendant Clarence Carroll is a resident of Brownsville, Texas doing business in Brownsville Texas as a partner of Border Alliance. At all times relevant to this Third-Party Complaint, the conduct of Border Alliance was the conduct of its partners, Clarence Carroll and Patsy Elaine Carroll.

4.    Third-Party Defendant Patsy Elaine Carroll ("Elaine Carroll") is a resident of Brownsville, Texas doing business in Brownsville, Texas as a partner of Border Alliance.

## JURISDICTION

5.    Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendants are entitled to state these claims against Clarence Carroll and Elaine Carroll because they are liable to Defendants for all of Plaintiffs' claims against Defendants in this case.

---

[1] The members of A-Chicago Tech, L.L.C., which is a Delaware L.L.C., are and have been citizens of Illinois and Florida since this case was commenced. A-Chicago Tech, L.L.C.'s members were, and have been ever since this case was commenced, four express trusts; Ruff Investment A Trust, Ruff Family GST Trust, Edward H. Ruff Revocable Trust, and William Protz Investment Trust. Donald A. Glassberg, who is a citizen of Illinois, is the trustee of Ruff Investment A Trust, Ruff Family GST Trust, and William Protz Investment Trust. Edward H. Ruff, who is a citizen of Florida, is the trustee of Edward H. Ruff Revocable Trust. The trustees of the above-referenced trusts are active trustees whose control over the assets held in their names is real and substantial.

[2] At the time this action was commenced and ever since, Tinsel/Ruff Group Limited Partnership's general partners were and have been National Tinsel Mfg. Co., which was and has been a corporation organized and existing under the laws of Wisconsin with its principal place of business in Illinois, and Edward H. Ruff and Associates, Inc., which was and has been a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois. Tinsel/Ruff Group Limited Partnership's limited partners were and have all been citizens of Illinois or Connecticut.

## FACTUAL BACKGROUND

6. Santa's Best manufactures and sells holiday decorations.

7. From 1995 through 2001, Border Alliance acted as a supplier for Santa's Best. During this time period, Santa's Best periodically purchased goods from Border Alliance. The goods were manufactured and/or assembled for Border Alliance in Matamoros, Mexico by AI from raw materials supplied by Santa's Best to Border Alliance. Santa's Best also supplied Border Alliance and AI with training and some manufacturing equipment (the "Equipment").

8. Santa's Best paid Border Alliance for the goods on a per-piece basis. Border Alliance, through its partners Clarence and Elaine Carroll (collectively the "Carrolls"), represented to Defendants that Santa's Best would not be responsible for any of the costs of AI or Border Alliance, except to the extent those costs were already reflected in the per-piece price paid by Santa's Best.

9. Although Santa's Best had once considered the possibility of importing products directly from Mexico pursuant to a maquiladora program, Border Alliance, through its partners, the Carrolls, assured Defendants that there was no need for Santa's Best to become directly involved in a maquiladora program to benefit from the advantages afforded maquiladora operations under Mexican and American law.

10. Border Alliance, through its partners, the Carrolls, represented to Defendants that AI was a Mexican affiliate of Border Alliance, and that Border Alliance and AI were enrolled in an existing maquiladora program in Mexico. Border Alliance, through its partners, the Carrolls, represented to Defendants that Santa's Best could simply purchase goods from Border Alliance directly in the United States. Border

3

Alliance would arrange for the manufacturing and importation of those goods from AI pursuant to Border Alliance's and AI's existing maquiladora program without the involvement of Santa's Best.

11. Border Alliance, through its partners, the Carrolls, assured Defendants that Santa's Best would not be responsible for any taxes, liquidations, insurance or other expenses associated with AI's or Border Alliance's operations.

12. Over the course of the many years Border Alliance supplied goods to Santa's Best, Santa's Best did occasionally pay or advance money to Border Alliance beyond the per-piece payments referenced above, but these payments were made on a voluntary, ad hoc basis for extraordinary items, and merely to avoid supply-chain disruptions.

13. Furthermore, Santa's Best did regularly reimburse Border Alliance for certain rent expenses associated with warehouse space utilized by Border Alliance and/or AI through June of 2002, but Border Alliance, through its partners, the Carrolls, represented to Defendants that Santa's Best would not be obligated for rental reimbursements beyond June of 2002. Indeed, Border Alliance, through its partners, the Carrolls, represented to Defendants that neither Border Alliance nor AI would be responsible for rent payments beyond June of 2002.

14. On another occasion, Santa's Best advanced over $100,000 to Border Alliance to cover duties improperly assessed by Mexican authorities with regard to the import of certain goods from Mexico. Border Alliance, through its partners, the Carrolls, assured Santa's Best that the duties were improper and would eventually be reversed.

Furthermore, Border Alliance agreed to repay Santa's Best for the duties, but Border Alliance has not done so.

15. Nevertheless, in the Complaint, Plaintiffs claim that Defendants are obligated to pay certain taxes, liquidations for workers, and other expenses based on three alleged contracts attached as Exhibits A, C and D respectively to the Complaint (the "Forged Contracts").

16. Plaintiffs allege Protz signed the Forged Contracts on behalf of himself and Santa's Best.

17. Nevertheless, Protz never signed the Forged Contracts. Instead, the alleged signatures of Protz on the Forged Contracts were all appended to the Forged Contracts by Border Alliance, through its partners, the Carrolls, and Al. They photocopied Protz's alleged signatures from either originals or copies of other documents actually signed by Protz. Protz never authorized anyone to append his signature to the Forged Contracts.

18. Border Alliance, through its partners, the Carrolls, created the Forged Contracts in an attempt to force Defendants to pay money to Border Alliance and Al to which they are not entitled.

19. Furthermore, Border Alliance, through its partners, the Carrolls, directed Border Alliance's and Al's attorneys to institute this case against Defendants based on the Forged Contracts, even though they knew the Forged Contracts were forgeries.

20. As a proximate result of the forgeries, Border Alliance's representations and the loss of the Equipment, Defendants have incurred actual damages, including, without limitation, attorneys' fees, court costs, and other litigation expenses.

21. Border Alliance's actions with regard to the misrepresentations and forgeries have been committed with willful disregard for the rights of Defendants.

## COUNT I
### (Forgery)

22. Defendants incorporate by reference the allegations of paragraphs 1 through 21 of these Counterclaims.

23. As alleged in paragraphs 15-19 of these Counterclaims, Border Alliance, through its partners, the Carrolls, altered the Forged Contracts so that they would appear to contain the signature of Protz.

24. As alleged in paragraph 15 of these Counterclaims, Protz did not authorize Plaintiffs to affix a photocopy of his signature on the Forged Contracts.

25. As alleged in paragraph 19 of these Counterclaims, Border Alliance, through its partners, the Carrolls, instructed their attorneys to initiate this case based on the Forged Contracts.

26. As alleged in paragraph 20 of these Counterclaims, Defendants have incurred damages as a result of the forgeries.

## COUNT II
### (Fraud)

27. Defendants incorporate by reference the allegations of paragraphs 1 through 21 of these Counterclaims.

28.  As alleged in paragraphs 7 through 14 of these Counterclaims, if the allegations of the Complaint are true, Border Alliance, through its partners, the Carrolls, intentionally and fraudulently made several misrepresentations of material fact to Santa's Best regarding its liability for taxes, liquidations of workers, rent, and other obligations.

29.  Defendants relied on the representations.

30.  Border Alliance and the Carrolls intended Santa's Best to rely on the representations.

31.  As alleged in paragraph 20 of these Counterclaims, Defendants have incurred actual damages as a proximate result of the representations.

32.  Furthermore, to the extent Defendants become liable for any judgment against them in this case, that outcome will be the proximate result of Border Alliance's and the Carrolls' false representations.

### COUNT III
### (Negligent Misrepresentation)

33.  Defendants incorporate by reference the allegations of paragraphs 1 through 21 of these Counterclaims.

34.  As alleged in paragraphs 7 through 14 of these Counterclaims, Border Alliance, through its partners, the Carrolls, made several representations of material fact to Defendants.

35.  If the allegations of Plaintiffs in the Complaint are true, Border Alliance and the Carrolls should have known that the representations to Defendants were false.

36. Defendants reasonably relied upon the representations when Santa's Best ordered goods from Border Alliance from 1995 through 2001.

37. As alleged in paragraph 20 of these Counterclaims, Defendants have incurred damages as a proximate result of the representations. Furthermore, any judgment against Defendants in this case will be the proximate result of Border Alliance's and the Carrolls' representations.

### COUNT IV
### (Breach of Contract)

38. Defendants incorporate by reference the allegations of paragraphs 1-21 of these Counterclaims.

39. As alleged in paragraphs 7-14 of these Counterclaims, Border Alliance, which is merely the Carrolls doing business as partners under an assumed business name, entered into an agreement with Santa's Best under which Border Alliance agreed that Santa's Best would not be liable for any of the expenses alleged in the Complaint.

40. If the allegations of the Complaint are true, Border Alliance breached these contractual obligations to Santa's Best.

41. As alleged in paragraph 14 of these Counterclaims, Border Alliance further agreed to repay the more than $100,000 that Santa's Best advanced to Border Alliance to cover the Mexican duties, which Border Alliance stated were improper and would be eventually reversed.

42. As alleged in paragraph 14 of these Counterclaims, Border Alliance breached its promise to repay the advance for Mexican duties.

43. As a proximate result of Border Alliance's breaches, Defendants have been damaged. Furthermore, to the extent Defendants become liable to pay any judgment in this case, that outcome will be the proximate result of Border Alliance's breaches.

## COUNT V
### (Replevin)

44. Santa's Best incorporates by reference the allegations of paragraphs 1-21 of this Counterclaim.

45. Santa's Best has demanded that AI and Border Alliance, which is merely the Carrolls doing business as partners under an assumed name, surrender and return all of the Equipment to Santa's Best.

46. Santa's Best is lawfully entitled to the immediate possession of the Equipment.

47. AI and Border Alliance have failed and refused to surrender the Equipment to Santa's Best, though due demand has been made upon them.

48. The Equipment is wrongfully detained by AI and Border Alliance.

49. The Equipment has not been taken for any tax, assessment or fine levied by virtue of any law of Texas or Mexico against property of Santa's Best, or against Santa's Best individually, nor has it been seized under any lawful process against the goods and chattels of Santa's Best subject to such lawful process, nor is it held by virtue of any order of replevin against Santa's Best.

50. The approximate liquidation value of the Equipment is in excess of $100,000.

51. Santa's Best claims the value of any part of the Equipment not delivered under the order of replevin sought herein and entered by this Court.

## COUNT VI
### (Trespass to Personalty)

52. Santa's Best hereby realleges paragraphs 1-21 and incorporates them herein by reference.

53. The actions of Border Alliance, which is merely the Carrolls doing business as partners under an assumed name, and Al outlined above have injured and interfered with Santa's Best's possession of the Equipment.

54. Border Alliance and Al have intentionally committed those actions.

55. The trespass of Border Alliance and Al to the Equipment has proximately cost, and will continue to proximately cost, Santa's Best to suffer extensive damages.

56. Santa's Best is entitled to recover all actual and consequential damages that it has incurred as a result of the trespass to the Equipment by Al and Border Alliance. In addition, the actions of Al and Border Alliance have been willful and malicious and, therefore, Santa's Best is entitled to recover exemplary/punitive damages.

WHEREFORE, Defendants respectfully request that the Court:

A. Enter a judgment against Clarence Carroll and Elaine Carroll, jointly and severally, in favor of Defendants in an amount equal to the actual damages (including the attorneys' fees, court costs, and litigation expenses) incurred by Defendants as a result of their actions;

B.   Order Clarence Carroll and Elaine Carroll, jointly and severally, to indemnify, and hold harmless, Defendants with rsepect to any judgment entered in this case against Defendants in favor of Plaintiffs;

C.   Enter an order of replevin directing the United States Marshall or other appropriate law enforcement officers to take all of the Equipment, and deliver the same to Santa's Best or, if the Equipment is not found and delivered, cause Clarence Carroll and Elaine Carroll, jointly and severally, to answer to Santa's Best for the value thereof;

D.   Award Defendants punitive damages; and

E.   Grant Defendants such other or further relief as the Court deems just and proper.

Date: April 23, 2003

**LEVENFELD PEARLSTEIN**

By: _____
Beau T. Greiman

Beau T. Greiman
Illinois Bar No. 6225076
Levenfeld Pearlstein
2 North LaSalle St., Suite 1300
Chicago, IL 60602
Telephone:   312-346-8380
Fax:         312-346-8434

Attorney in Charge
Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Southern District of Texas Bar No. 10107
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, TX 78420
Telephone:   956-542-7441
Fax:         956-541-2170
**ATTORNEYS FOR DEFENDANTS,
SANTA'S BEST and WILLIAM PROTZ, JR.**

11

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

>Phil A. Bellamy
>Law Office of Phil A. Bellamy
>815 Ridgewood
>Brownsville, Texas 78520
>Attorneys for Plaintiff

>Beau T. Greiman
>LEVENFELD PEARLSTEIN
>2 North La Salle Street, Suite 1300
>Chicalgo, Illinois 60602

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 24th day of April, 2003.

_____
Joseph A. "Tony" Rodriguez