59

United States District Court
Southern District of Texas
FILED

MAY 0 2 2003

Michael N. Milby
Clerk of Court

B↳

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| BORDER ALLIANCE,<br>and ACCESORIOS ILIMITADOS, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. B-02 079 |
| vs. | ) ) | |
| WILLIAM F. PROTZ, JR. and<br>SANTA'S BEST, an Illinois<br>general partnership, | ) ) ) ) | |
| Defendants. | ) | |

### MOTION FOR LEAVE TO FILE DEFENDANTS' AMENDED ANSWER,
### AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
### TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

NOW COME Defendants, Santa's Best ("Santa's Best") and William F. Protz, Jr.

("Protz") (collectively the "Defendants"), and for their Motion for Leave to File

Defendants' Amended Answer, Affirmative Defenses and Counterclaims to Plaintiffs'

First Amended Original Complaint, state as follows:

1.      This Court entered an Order on Defendant Protz's Motion to Dismiss and

other outstanding issues on March 27, 2003.

2.      In light of the Court's March 27, 2003 ruling and discussion of Defendant

Protz's potential liability in this case, Defendants wish to add an additional affirmative

defense to their answer.

3.      As a result, Defendants respectfully request leave of this Court to file

Defendants' Amended Answer, Affirmative Defenses and Counterclaims to Plaintiffs'

First Amended Original Complaint, attached as Exhibit A to this Motion.

4.      Plaintiffs will not be unduly prejudiced or surprised by this motion, as no

new issues are being addressed.

 5. Defendants' counsel has communicated with Plaintiffs' counsel regarding this Motion, but the parties have been unable to reach an agreement.  A proposed order is attached as Exhibit B to this Motion.

 WHEREFORE, Defendants respectfully request that this Court will grant them leave to file Defendants' Amended Answer, Affirmative Defenses and Counterclaims to Plaintiffs' First Amended Original Complaint in the form of Exhibit A.

Date: _April 30th_, 2003

**DEFENDANTS, WILLIAM PROTZ, JR. AND SANTA'S BEST**

By: _Beau T. Greiman_
One of Their Attorneys

Beau T. Greiman
Davi Hirsch
Levenfeld Pearlstein
2 North LaSalle Street, Suite 1300
Chicago, IL 60602
Telephone: 312-346-8380
Fax:   312-346-8434

Joseph A. (Tony) Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, TX 78520
Telephone: 956-542-7441
Fax:   956-541-2170

H:\Docs\37500\37519\Motion for Leave To Amend.doc

A

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER ALLIANCE,<br>and ACCESORIOS ILIMITADOS, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. B-02 079 |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM F. PROTZ, JR. and | ) | |
| SANTA'S BEST, an Illinois | ) | |
| general partnership, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS
TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

NOW COME Defendants, Santa's Best ("Santa's Best") and William F. Protz, Jr.

("Protz"), and for their amended answer and affirmative defenses to Plaintiffs' First

Amended Original Complaint, state as follows:

## ANSWER

### I

Defendant William F. Protz, Jr. ("Defendant Protz") is a natural person residing in

Illinois and though served, has not answered herein.

Defendant Santa's Best is an Illinois general partnership and has answered

herein.

Plaintiffs reserve the right to add additional parties.

**Answer:**    Defendants admit William F. Protz, Jr. is a natural person residing

in Illinois.  Defendants deny the remainder of the allegations of paragraph I.

### II

Defendant Protz and Defendant Santa's Best entered into various contracts with

Plaintiffs and third parties in connection with a maquiladora operation run in Matamoros,

Tamaulipas, Mexico on behalf of Defendant Santa's Best by Plaintiffs. *See* Exhibits A-D attached hereto. *Plaintiffs are in the process of obtaining translations of the "*contrato[s] de maquila*" attached hereto as Exhibit C and Exhibit D.*

> **Answer:**    Defendants admit Defendant Santa's Best ("Santa's Best") entered into the "Lease Agreement" attached as Exhibit B to Plaintiffs' First Amended Original Complaint (the "Complaint"). Defendants deny the remainder of the allegations of paragraph II.

### III

*Under the contracts, Santa's Best obligated itself to pay all taxes (other than payroll taxes), liquidations of not more than twenty union workers plus additional personnel, and fire and theft insurance to cover Santa's Best's product. See Exhibit A.*

> **Answer:**    Defendants deny the allegations of paragraph III.

### IV

*Under these agreements, Santa's Best also agreed to pay rent at the facility in Matamoros at a rate of $3,600.00 per month through February 2000 and at a rate of $4,600.00 per month thereafter until December 31, 2003. See Exhibit B. In addition to reimbursing or directly paying the expenses and costs of the operation, Santa's Best also agree d to pay Border Alliance a piece rate amount for various products over time.*

> **Answer:**    Defendants admit that Santa's Best agreed to reimburse Plaintiff Border Alliance ("Border Alliance") through May of 1999 at a rate of $3,600.00 pursuant to Exhibit B to the Complaint. Defendants also admit that Santa's Best periodically ordered goods from Border Alliance on a per-piece basis. Defendants deny the remainder of the allegations of paragraph IV.

### V

*Defendant Protz signed all four contracts. On three of the contracts, "Santa's Best" appears above or below Defendant Protz's signature and name. See Exhibits B-D. None of the signature lines for Defendant Protz include the phrase "as agent for Santa's Best," "the authorized officer of Santa's Best," or some similar phrase. Accordingly, Defendant is personally liable under one or more of these contracts.*

**Answer:**    Defendants admit that Defendant William F. Protz, Jr. ("Protz") signed the original of the "Lease Agreement" attached as Exhibit B to the Complaint as an authorized agent of Santa's Best.  Defendants deny the remainder of the allegations of paragraph V.

## VI

Further, upon information and belief, Defendant Protz has an interest in the subject matter of the contracts and is also personally liable for this reason.

**Answer:**    Defendants deny the allegations of paragraph VI.

## VII

Defendants made the decision to abandon the operations in Mexico, as Defendant Santa's Best has admitted in Paragraph IV of Defendant Santa's Best's Answer, Affirmative Defenses and Counterclaims to Complaint, and they refuse to fulfill their contractual obligations.

**Answer:**    Defendants admit that they no longer order products from Border Alliance on a per-piece basis.  Defendants deny the remainder of the allegations of paragraph VII.

## VIII

Defendants' announcement of this decision and their stated intention of not fulfilling their obligations to pay lease payments under the lease agreement through December 2003 and to pay all taxes (other than payroll taxes) and liquidations of not more than twenty union workers without any justification constitute anticipatory breaches of the contracts.

**Answer:**    Defendants deny the allegations of paragraph VIII.

## IX

The refusal by Defendants to fulfill their obligations exposes Plaintiffs to damage claims by third parties, including lawsuits in Mexico under laws protecting employees.

**Answer:**    Defendants deny the allegations of paragraph IX.

3

## X

Further, the lease agreement attached hereto as Exhibit B and the "contrato[s] de maquila" attached hereto as Exhibit C and Exhibit D expose Plaintiffs to claims by the lessor and employees for duties imposed on Defendants under the contract attached hereto as Exhibit A.

**Answer:**    Defendants deny the allegations of paragraph X.

## XI

Further, Defendants' wrongful actions interfere with Plaintiffs' ability to conduct business in Mexico now and in the future.

**Answer:**    Defendants deny the allegations of paragraph XI.

## XII

For several months, Plaintiffs have demanded that Defendants fulfill their obligations and Defendants refuse to comply.

**Answer:**    Defendants admit that Plaintiffs have made demands upon them,

but Defendants deny any "obligation" to accede to Plaintiffs' demands.    Defendants

deny the remainder of the allegations of paragraph XII.

## XIII

Pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, Plaintiffs seek a declaratory judgment declaring that Defendants are obligated to fulfill the obligations described above and in the contracts and that Defendants are in breach.

Further, Plaintiffs seek a determination of their damage.

**Answer:**    Defendants deny the allegations of paragraph XIII.

## XIV

Further, Plaintiffs seek the recovery of their actual damages flowing from Defendants' breaches of contracts, including, but not limited to, lost profits, loss of good will, incidental damages, including the cost of mitigation, and damages suffered by Plaintiffs in reliance on the contracts, including, but not limited to, indemnification for third party liability and expenses incurred as a result of Defendants' breaches of

4

contract.

      **Answer:**    Defendants deny the allegations of paragraph XIV.

**XV**

      Plaintiffs seek the recovery of their attorney's fees and costs pursuant to Section 37.009 and Section 38.001 of the Civil Practice and Remedies Code.

      **Answer:**    Defendants deny the allegations of paragraph XV.

**XVI**

      Plaintiffs reserve the right to supplement to include other causes of action, including but not limited to tortious interference with prospective contracts.

      **Answer:**    Defendants deny the allegations of paragraph XVI.

**AFFIRMATIVE DEFENSES**

**AFFIRMATIVE DEFENSE NO.1**
**(Failure to State a Cause of Action)**

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO.2**
**(Failure to Mitigate)**

2.     Plaintiffs have failed to mitigate their damages.

**AFFIRMATIVE DEFENSE NO.3**
**(Forgery)**

3.     In the Complaint, Plaintiffs claim that Defendants are obligated to pay certain taxes, liquidations for workers, and other expenses based on three alleged contracts attached as Exhibits A, C and D respectively to the Complaint (the "Forged Contracts").

4.     Plaintiffs allege Protz signed the Forged Contracts on behalf of himself and Santa's Best.

5

5.     Nevertheless, Protz never signed the Forged Contracts.  Instead, the alleged signatures of Protz on the Forged Contracts were all appended to the Forged Contracts by photocopying them from either originals or copies of other documents actually signed by Protz.  Protz never authorized anyone to append his signature to the Forged Contracts.

6.     Plaintiffs created the Forged Contracts in an attempt to force Defendants to pay money to them to which they are not entitled.

8.     Furthermore, Plaintiffs directed their attorney to institute this case against Defendants based on the Forged Contracts, even though Plaintiffs knew the Forged Contracts were forgeries.

### AFFIRMATIVE DEFENSE NO. 4
### (Fraud)

9.     From 1995 through 2001, Border Alliance acted as a supplier for Santa's Best.  During this time period, Santa's Best periodically purchased goods from Border Alliance.   The goods were manufactured and/or assembled for Border Alliance in Matamoros, Mexico by Plaintiff Accesorios Ilimitados ("AI")  from raw materials supplied by Santa's Best to Border Alliance.

10.     Santa's Best paid Border Alliance for the goods on a per-piece basis. Plaintiffs, through Clarence and Patsy Elaine Carroll (collectively the "Carrolls"), represented to Santa's Best that Santa's Best would not be responsible for any of the costs of AI or Border Alliance, except to the extent those costs were already reflected in the per-piece price paid by Santa's Best.

6

11.    Although Santa's Best had once considered the possibility of importing products directly from Mexico pursuant to a maquiladora program, Plaintiffs, through the Carrolls, assured Defendants that there was no need for Santa's Best to become directly involved in a maquiladora program to benefit from the advantages afforded maquiladora operations under Mexican and American law.

12.    Plaintiffs, through the Carrolls, represented to Defendants that AI was a Mexican affiliate of Border Alliance, and that Border Alliance and AI were enrolled in an existing maquiladora program in Mexico. Plaintiffs, through the Carrolls, represented to Defendants that Santa's Best could simply purchase goods from Border Alliance directly in the United States. Border Alliance would handle the manufacturing and importation of those goods from AI pursuant to Border Alliance's and AI's existing maquiladora program without the involvement of Santa's Best.

13.    Plaintiffs, through the Carrolls, assured Defendants that Santa's Best would not be responsible for any taxes, liquidations, insurance or other expenses associated with AI's or Border Alliance's operations.

14.    Over the course of the many years Border Alliance supplied goods to Santa's Best, Santa's Best did occasionally pay or advance money to Border Alliance beyond the per-piece payments referenced above, but these payments were made on a voluntary, ad hoc basis for extraordinary items, and merely to avoid supply-chain disruptions.

15.    Furthermore, Santa's Best did regularly reimburse Border Alliance for certain rent expenses associated with warehouse space utilized by Border Alliance and/or AI through June of 2002, but Plaintiffs, through the Carrolls, represented to

7

Defendants that Santa's Best would not be obligated for rental reimbursements beyond June of 2002. Indeed, Plaintiffs, through the Carrolls, represented to Santa's Best that neither Border Alliance nor AI would be responsible for rent payments beyond June of 2002.

16.    Defendants relied on the above representations of Plaintiffs when Santa's Best regularly ordered goods from Border Alliance from 1995 through 2001.

17.    Plaintiffs intended Defendants to rely on the above representations.

18.    If the allegations of Plaintiffs in the Complaint are true, Plaintiffs intentionally and fraudulently made the above representations to Defendants even though Border Alliance knew they were false.

19.    Therefore, Plaintiffs should indemnify and hold Defendants harmless with regard to any judgment entered against them in this case. To the extent a judgment is entered against Defendants in this case, the amount of that judgment should be setoff against any judgment in favor of Plaintiffs in this case.

### AFFIRMATIVE DEFENSE NO. 5
### (Negligent Misrepresentation)

20.    As set forth above in paragraphs 9 through 19 of these Affirmative Defenses, Plaintiffs represented to Defendants that Santa's Best would not be responsible for any of the costs of AI or Border Alliance, except to the extent those costs were already reflected in the per-piece price paid by Santa's Best.

21.    Furthermore, as set forth in paragraphs 9 through 19 of these Affirmative Defenses, Santa's Best did regularly reimburse Border Alliance for certain rent expenses associated with warehouse space utilized by Border Alliance and/or AI

8

through June of 2002, but Plaintiffs represented to Santa's Best that Santa's Best would not be obligated for rental reimbursements beyond June of 2002.

22.     Defendants relied on the above representations of Plaintiffs when Santa's Best regularly ordered goods from Border Alliance from 1995 through 2001.

23.     Plaintiffs' representations related to material facts.

24.     Defendants    reasonably    believed    and    relied    upon    Plaintiffs' representations.

25.     If the allegations of Plaintiffs in the Complaint are true, Plaintiffs should have known that its representations to Defendants were false and misleading.

26.     Therefore, Plaintiffs should indemnify and hold Defendants harmless with regard to any judgment entered against Defendants in this case.   To the extent a judgment is entered against Defendants in this case, the amount of that judgment should be set off against any judgment in favor of Plaintiffs, through the Carrolls in this case.

## AFFIRMATIVE DEFENSE NO. 6
### (Breach of Contract Against Border Alliance)

27.     As set forth in paragraphs 9 through 19 above of these Affirmative Defenses, Border Alliance entered into an agreement with Santa's Best that Santa's Best would not be responsible for any taxes, liquidations, insurance or other expenses associated with Al's or Border Alliance's operations.

28.     Furthermore, as set forth in paragraphs 9 through 19 above of these Affirmative Defenses, Border Alliance entered into an agreement with Santa's Best that

9

Santa's Best would not be obligated for rental reimbursements with regard to warehouse space beyond June of 2002.

29.    If the allegations of Plaintiff's in the Complaint are true, Border Alliance breached its contractual obligations to Santa's Best.

30.    To the extent Santa's Best becomes liable to Plaintiffs for any of the expenses alleged in the Complaint, that outcome will be the proximate result of Border Alliance's contractual breaches.

31.    Therefore, Border Alliance should indemnify and hold Santa's Best harmless with regard to any judgment entered against Santa's Best in this case. To the extent a judgment is entered against Santa's Best in this case, the amount of that judgment should be set off against any judgment in favor of Border Alliance in this case.

### AFFIRMATIVE DEFENSE NO. 7
### (Notice Against Border Alliance)

32.    Even if the alleged contract attached as Exhibit A to the Complaint were authentic, it provides on its face that it could be terminated by Santa's Best with advance notice of one year.

33.    Although Santa's Best disputes that it was obligated to do so, Santa's Best notified Plaintiffs that it planned to discontinue ordering goods from Border Alliance more than one year before it actually did so.

### AFFIRMATIVE DEFENSE NO. 8
### (Personal Liability of William F. Protz)

34.    Defendant Protz is the President of Santa's Best.

35.    In his capacity as President, Defendant Protz acts as an agent of

10

Defendant Santa's Best.

36.   As a general course of business, Defendant Protz does not personally assume any liabilities of Defendant Santa's Best.

37.   For those agreements between Plaintiffs and Defendant that were actually signed by Defendant Protz, Protz was acting in a representative capacity on behalf of Defendant Santa's Best.

38.   Defendant Protz did not assume any personal obligations or duties as a result of having executed contracts on behalf of Defendant Santa's Best.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs the relief they request in the Complaint, or any other relief.

## COUNTERCLAIMS

NOW COMES, Defendants Santa's Best ("Santa's Best") and William F. Protz, Jr. ("Protz"), and for their Counterclaims against Plaintiffs, state as follows:

## THE PARTIES

1.      Upon information and belief, Plaintiff Accesorios Ilimitados ("AI") has been a corporation organized and existing under the laws of Mexico with its principal place of business in Matamoros, Mexico.

2.      Plaintiff Border Alliance is merely a partnership between Clarence Carroll and Patsy Elaine Carroll, who are both residents of Texas.

3.      Defendant Santa's Best is an Illinois general partnership.

4.      Santa's Best's partners were and have been A-Chicago Tech, L.L.C., which was and has been a citizen of Illinois and Florida,[1] and Tinsel/Ruff Group Limited Partnership, which was and has been a citizen of Illinois, Wisconsin, and Connecticut.[2]

---

[1] The members of A-Chicago Tech, L.L.C., which is a Delaware L.L.C., are and have been citizens of Illinois and Florida since this case was commenced. A-Chicago Tech, L.L.C.'s members were, and have been ever since this case was commenced, four express trusts; Ruff Investment A Trust, Ruff Family GST Trust, Edward H. Ruff Revocable Trust, and William Protz Investment Trust. Donald A. Glassberg, who is a citizen of Illinois, is the trustee of Ruff Investment A Trust, Ruff Family GST Trust, and William Protz Investment Trust. Edward H. Ruff, who is a citizen of Florida, is the trustee of Edward H. Ruff Revocable Trust. The trustees of the above-referenced trusts are active trustees whose control over the assets held in their names is real and substantial.

[2] At the time this action was commenced and ever since, Tinsel/Ruff Group Limited Partnership's general partners were and have been National Tinsel Mfg. Co., which was and has been a corporation organized and existing under the laws of Wisconsin with its principal place of business in Illinois, and Edward H. Ruff and Associates, Inc., which was and has been a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois. Tinsel/Ruff Group Limited Partnership's limited partners were and have all been citizens of Illinois or Connecticut.

## JURISDICTION

5.    Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Santa's Best is entitled to state these counterclaims against Plaintiffs because they arise out of the same transaction and occurrence that is the subject of Plaintiffs' claims against them, and these counterclaims may be adjudicated without the presence of any third parties over whom this Court cannot acquire jurisdiction.

## FACTUAL BACKGROUND

6.    Santa's Best manufactures and sells holiday decorations.

7.    From 1995 through 2001, Border Alliance acted as a supplier for Santa's Best.  During this time period, Santa's Best periodically purchased goods from Border Alliance.  The goods were manufactured and/or assembled for Border Alliance in Matamoros, Mexico by AI from raw materials supplied by Santa's Best to Border Alliance.  Santa's Best also supplied Border Alliance and AI with training and some manufacturing equipment (the "Equipment").

8.    Santa's Best paid Border Alliance for the goods on a per-piece basis. Plaintiffs represented to Defendants that Santa's Best would not be responsible for any of the costs of AI or Border Alliance, except to the extent those costs were already reflected in the per-piece price paid by Santa's Best.

9.    Although Santa's Best had once considered the possibility of importing products directly from Mexico pursuant to a maquiladora program, Plaintiffs assured Defendants that there was no need for Santa's Best to become directly involved in a maquiladora program to benefit from the advantages afforded maquiladora operations under Mexican and American law.

13

10.     Plaintiffs represented to Defendants that AI was a Mexican affiliate of Border Alliance, and that Border Alliance and AI were enrolled in an existing maquiladora program in Mexico.  Plaintiffs represented to Defendants that Santa's Best could simply purchase goods from Border Alliance directly in the United States.  Border Alliance would arrange for the manufacturing and importation of those goods from AI pursuant to Border Alliance's and AI's existing maquiladora program without the involvement of Santa's Best.

11.     Plaintiffs assured Defendants that Santa's Best would not be responsible for any taxes, liquidations, insurance or other expenses associated with AI's or Border Alliance's operations.

12.     Over the course of the many years Border Alliance supplied goods to Santa's Best, Santa's Best did occasionally pay or advance money to Border Alliance beyond the per-piece payments referenced above, but these payments were made on a voluntary, ad hoc basis for extraordinary items, and merely to avoid supply-chain disruptions.

13.     Furthermore, Santa's Best did regularly reimburse Border Alliance for certain rent expenses associated with warehouse space utilized by Border Alliance and/or AI through June of 2002, but Plaintiffs represented to Defendants that Santa's Best would not be obligated for rental reimbursements beyond June of 2002.  Indeed, Plaintiffs represented to Defendants that neither Border Alliance nor AI would be responsible for rent payments beyond June of 2002.

14.     On another occasion, Santa's Best advanced over $100,000 to Border Alliance to cover duties improperly assessed by Mexican authorities with regard to the

14

import of certain goods from Mexico. Plaintiffs assured Santa's Best that the duties were improper and would eventually be reversed. Furthermore, Plaintiffs agreed to repay Santa's Best for the duties, but Border Alliance has not done so.

15.    Nevertheless, in the Complaint, Plaintiffs claim that Defendants are obligated to pay certain taxes, liquidations for workers, and other expenses based on three alleged contracts attached as Exhibits A, C and D respectively to the Complaint (the "Forged Contracts").

16.    Plaintiffs allege Protz signed the Forged Contracts on behalf of himself and Santa's Best.

17.    Nevertheless, Protz never signed the Forged Contracts. Instead, the alleged signatures of Protz on the Forged Contracts were all appended to the Forged Contracts by photocopying them from either originals or copies of other documents actually signed by Protz. Protz never authorized anyone to append his signature to the Forged Contracts.

18.    Plaintiffs created the Forged Contracts in an attempt to force Defendants to pay money to them to which they are not entitled.

19.    Furthermore, Plaintiffs directed their attorneys to institute this case against Defendants based on the Forged Contracts, even though they knew the Forged Contracts were forgeries.

20.    As a proximate result of Plaintiffs' forgeries, Border Alliance's representations and the loss of the Equipment, Defendants have incurred actual damages, including, without limitation, attorneys' fees, court costs, and other litigation expenses.

21.    Plaintiffs' actions with regard to the misrepresentations and forgeries have been committed with willful disregard for the rights of Defendants.

## COUNT I
## (Forgery)

22.    Defendants incorporate by reference the allegations of paragraphs 1 through 21 of these Counterclaims.

23.    As alleged in paragraphs 15-19 of these Counterclaims, Plaintiffs altered the Forged Contracts so that they would appear to contain the signature of Protz.

24.    As alleged in paragraph 15 of these Counterclaims, Protz did not authorize Plaintiffs to affix a photocopy of his signature on the Forged Contracts.

25.    As alleged in paragraphs 19 of these Counterclaims, Plaintiffs instructed their attorneys to initiate this case based on the Forged Contracts.

26.    As alleged in paragraph 20 of these Counterclaims, Defendants have incurred damages as a result of the forgeries.

## COUNT II
## (Fraud)

27.    Defendants incorporate by reference the allegations of paragraphs 1 through 21 of these Counterclaims.

28.    As alleged in paragraphs 7 through 14 of these Counterclaims, if the allegations of the Complaint are true, Plaintiffs intentionally and fraudulently made several misrepresentations of material fact to Santa's Best regarding its liability for taxes, liquidations of workers, rent, and other obligations.

29.    Defendants relied on Plaintiffs' representations.

16

30.   Plaintiffs   intended   Santa's   Best   to   rely   on   Border   Alliance's representations.

31.   As alleged in paragraph 20 of these Counterclaims, Defendants have incurred actual damages as a proximate result of Plaintiffs' representations.

32.   Furthermore, to the extent Defendants become liable for any judgment against them in this case, that outcome will be the proximate result of Plaintiffs' false representations.

### COUNT III
### (Negligent Misrepresentation:  Border Alliance)

33.   Defendants incorporate by reference the allegations of paragraphs 1 through 21 of these Counterclaims.

34.   As alleged in paragraphs 7 through 14 of these Counterclaims, Plaintiffs made several representations of material fact to Defendants.

35.   If the allegations of Plaintiffs in the Complaint are true, Plaintiffs should have known that its representations to Defendants were false.

36.   Defendants reasonably relied upon Plaintiffs' representations when Santa's Best ordered goods from Border Alliance from 1995 through 2001.

37.   As alleged in paragraph 20 of these Counterclaims, Defendants have incurred damages as a proximate result of Plaintiffs' representations.  Furthermore, any judgment against Defendants in this case will be the proximate result of Plaintiffs' representations.

17

## COUNT IV
### (Breach of Contract:  Border Alliance)

38.    Defendants incorporate by reference the allegations of paragraphs 1-21 of these Counterclaims.

39.    As alleged in paragraphs 7-14 of these Counterclaims, Border Alliance entered into an agreement with Santa's Best under which Border Alliance agreed that Santa's Best would not be liable for any of the expenses alleged in the Complaint.

40.    If the allegations of the Complaint are true, Border Alliance breached these contractual obligations to Santa's Best.

41.    As alleged in paragraph 14 of these Counterclaims, Border Alliance further agreed to repay the more than $100,000 that Santa's Best advanced to Border Alliance to cover the Mexican duties, which Border Alliance stated were improper and would be eventually reversed.

42.    As alleged in paragraph 14 of these Counterclaims, Border Alliance breached its promise to repay the advance for Mexican duties.

43.    As a proximate result of Border Alliance's breaches, Defendants have been damaged.  Furthermore, to the extent Defendants become liable to pay any judgment in this case, that outcome will be the proximate result of Border Alliance's breach.

## COUNT V
### (Replevin)

44.    Santa's Best incorporates by reference the allegations of paragraphs 1-21 of this Counterclaim.

18

45.    Santa's Best has demanded that AI and Border Alliance surrender and return all of the Equipment to Santa's Best.

46.    Santa's Best is lawfully entitled to the immediate possession of the Equipment.

47.    AI and Border Alliance have failed and refused to surrender the Equipment to Santa's Best, though due demand has been made upon them.

48.    The Equipment is wrongfully detained by AI and Border Alliance.

49.    The Equipment has not been taken for any tax, assessment or fine levied by virtue of any law of Texas or Mexico against property of Santa's Best, or against Santa's Best individually, nor has it been seized under any lawful process against the goods and chattels of Santa's Best subject to such lawful process, nor is it held by virtue of any order of replevin against Santa's Best.

50.    The approximate liquidation value of the Equipment is in excess of $100,000.

51.    Santa's Best claims the value of any part of the Equipment not delivered under the order of replevin sought herein and entered by this Court.

## COUNT VI
### (Trespass to Personalty)

52.    Santa's Best hereby realleges paragraphs 1-21 and incorporates them herein by reference.

53.    The actions of Border Alliance and AI outlined above have injured and interfered with Santa's Best's possession of the Equipment.

54.    Border Alliance and AI have intentionally committed those actions.

19

55.     The trespass of Border Alliance and AI to the Equipment has proximately cost, and will continue to proximately cost, Santa's Best to suffer extensive damages.

56.     Santa's Best is entitled to recover all actual and consequential damages that it has incurred as a result of the trespass to the Equipment by AI and Border Alliance.   In addition, the actions of AI and Border Alliance have been willful and malicious and, therefore, Santa's Best is entitled to recover exemplary/punitive damages.

WHEREFORE, Defendants respectfully request that the Court:

A.     Enter a judgment against Plaintiffs, jointly and severally, in favor of Defendants in an amount equal to the actual damages (including the attorneys' fees, court costs, and litigation expenses) incurred by Defendants as a result of Plaintiffs' actions;

B.     Order Plaintiffs, jointly and severally, to indemnify, and hold harmless, Defendants with respect to any judgment entered in this case against Defendants in favor of Plaintiffs;

C.     Enter an order of replevin directing the United States Marshal or other appropriate law enforcement officers to take all of the Equipment, and deliver the same to Santa's Best or, if the Equipment is not found and delivered, cause AI and Border Alliance to, jointly and severally, answer to Santa's Best for the value thereof;

D.     Award Defendants punitive damages; and

E.     Grant Defendants such other or further relief as the Court deems just and proper.

Date:  April ___, 2003


**DEFENDANTS,  WILLIAM  PROTZ,  JR.
AND SANTA'S BEST**


By:_____
                One of Their Attorneys

Beau T. Greiman
Davi Hirsch
Levenfeld Pearlstein
2 North LaSalle Street, Suite 1300
Chicago, IL 60602
Telephone:   312-346-8380
Fax:            312-346-8434

Joseph A. (Tony) Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, TX  78520
Telephone:   956-542-7441
Fax:            956-541-2170


H:\Docs\37500\37519\ANSWER-Am Compl-new.doc

B

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

BORDER ALLIANCE,                    )
and ACCESORIOS ILIMITADOS,          )
                                    )
                Plaintiffs,         )          Case No. B-02 079
                                    )
        vs.                         )
                                    )
WILLIAM F. PROTZ, JR. and           )
SANTA'S BEST, an Illinois           )
general partnership,                )
                                    )
                Defendants.

## ORDER

THIS CAUSE coming on to be heard on the Motion of Defendants, Santa's Best ("Santa's Best") and William F. Protz, Jr. ("Protz"), for leave to file Defendants' Amended Answer, Affirmative Defenses and Counterclaims to Plaintiffs' First Amended Original Complaint, notice having been given, and the Curt being duly advised in the premises,

IT IS HEREBY ORDERED that Defendants Santa's Best and Protz are allowed leave to file Defendants' Amended Answer, Affirmative Defenses and Counterclaims to Plaintiffs' First Amended Original Complaint.

Date:   April _____, 2003

_____
                        Hilda G. Tagle

H:\Docs\37500\37519\Order Mtn for Leave.doc