IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 29 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BORDER ALLIANCE, ET AL. | § § | |
| VS. | § § | CIVIL NO. B-02-079 |
| WILLIAM F. PROTZ, JR., ET AL. | § | |

## CLARENCE CARROLL AND PATSY ELAINE CARROLL'S ANSWER TO THIRD-PARTY COMPLAINT AGAINST CLARENCE CARROLL AND PATSY ELAINE CARROLL AND CLARENCE CARROLL AND PATSY ELAINE CARROLL'S COUNTERCLAIMS AGAINST WILLIAM F. PROTZ, JR. AND SANTA'S BEST

Third-Party Defendants Clarence Carroll and Patsy Elaine Carroll file this their *Answer to Third-Party Complaint Against Clarence Carroll and Patsy Elaine Carroll* (filed by Defendant Santa's Best and Defendant William F. Protz, Jr.) and their *Counterclaims Against William F. Protz, Jr. and Santa's Best*, and in support thereof would show the following:

## CLARENCE CARROLL AND PATSY ELAINE CARROLL'S ANSWER TO THIRD-PARTY COMPLAINT AGAINST CLARENCE CARROLL AND PATSY ELAINE CARROLL

### THE PARTIES

1. Defendant Santa's Best is an Illinois general partnership.

   Answer: Third-Party Defendants admit the allegation(s) contained in this paragraph.

2. Santa's Best's partners were and have been A-Chicago Tech, L.L.C., which

was and has been a citizen of Illinois and Florida[1], and Tinsel/Ruff Group Limited Partnership, which was and has been a citizen of Illinois, Wisconsin, and Connecticut.[2]

> Answer: Third-Party Defendants do not have sufficient information to admit or deny the allegation(s) contained in this paragraph.

3. Third-Party Defendant Clarence Carroll is a resident of Brownsville, Texas doing business in Brownsville Texas as a partner of Border Alliance. At all times relevant to this Third-Party Complaint, the conduct of Border Alliance was the conduct of its partners, Clarence Carroll and Patsy Elaine Carroll.

> Answer: Third-Party Defendants admit the allegation(s) contained in this paragraph.

4. Third-Party Defendant Patsy Elaine Carroll ("Elaine Carroll") is a resident of Brownsville, Texas doing business in Brownsville, Texas as a partner of Border Alliance.

> Answer: Third-Party Defendants admit the allegation(s) contained in this paragraph.

---

[1] The members of A-Chicago Tech, L.L.C. which is a Delaware L.L.C., are and have been citizens of Illinois and Florida since **since this case** was commenced. A-Chicago Tech, L.L.C.'s members were, and have been ever since this case was commenced, four express trusts; Ruff Investment A Trust, Ruff Family GST Trust, Edward H. Ruff Revocable Trust, and William Protz Investment Trust. Donald A. Glassberg, who is a citizen of Illinois, is the trustee of Ruff Investment A Trust, Ruff Family GST Trust, and William Protz Investment Trust. Edward H. Ruff, who is a citizen of Florida, is the trustee of Edward H. Ruff Revocable Trust. The trustees of the above-referenced trusts are active trustees whose control over the assets held in their names is real and substantial.

[2] At the time this action was commenced and ever since, Tinsel/Ruff Group Limited Partnership's general partners were and have been National Tinsel Mfg. Co., which was and has been a corporation organized and existing under the laws of Wisconsin with its principal place of business in Illinois, and Edward H. Ruff and Associates, Inc., which was and has been a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois. Tinsel/Ruff Group Limited Partnership's limited partners were and have all been citizens of Illinois or Connecticut.

## JURISDICTION

5.  Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendants are entitled to state these claims against Clarence Carroll and Elaine Carroll because they are liable to Defendants for all of Plaintiffs' claims against Defendants in this case.

> Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

## FACTUAL BACKGROUND

6.  Santa's Best manufactures and sells holiday decorations.

> Answer: Third-Party Defendants admit the allegation(s) contained in this paragraph.

7.  From 1995 through 2001, Border Alliance acted as a supplier for Santa's Best. During this time period, Santa's Best periodically purchased goods from Border Alliance. The goods were manufactured and/or assembled for Border Alliance in Matamoros, Mexico by Al from raw materials supplied by Santa's Best to Border Alliance. Santa's Best also supplied Border Alliance and Al with training and some manufacturing equipment (the "Equipment").

> Answer: Third-Party Defendants admit that from 1995 through 2001, they and Plaintiffs manufactured and/or assembled goods for Defendants in Matamoros, Mexico with raw materials supplied by Defendants. Further, Third-Party Defendants admit that Defendants provided training and some manufacturing equipment. Third-Party Defendants deny the balance of the allegation(s) contained in this paragraph.

8. Santa's Best paid Border Alliance for the goods on a per-piece basis. Border Alliance, through its partners Clarence and Elaine Carroll (collectively the "Carrolls"), represented to Defendants that Santa's Best would not be responsible for any of the costs of AI or Border Alliance, except to the extent those costs were already reflected in the per-piece price paid by Santa's Best.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

9. Although Santa's Best had once considered the possibility of importing products directly from Mexico pursuant to a maquiladora program, Border Alliance, through its partners, the Carrolls, assured Defendants that there was no need for Santa's Best to become directly involved in a maquiladora program to benefit from the advantages afforded maquiladora operations under Mexican and American law.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

10. Border Alliance, through its partners, the Carrolls, represented to Defendants that AI was a Mexican affiliate of Border Alliance, and that Border Alliance and AI were enrolled in an existing maquiladora program in Mexico. Border Alliance, through its partners, the Carrolls, represented to Defendants that Santa's Best could simply purchase goods from Border Alliance directly in the United States. Border Alliance would arrange for the manufacturing and importation of those goods from AI pursuant to Border Alliance's and AI's existing maquiladora program without the involvement of Santa's Best.

Answer: Third-Party Defendants deny the allegation(s) contained in this

paragraph.

11. Border Alliance, through its partners, the Carrolls, assured Defendants that Santa's Best would not be responsible for any taxes, liquidations, insurance or other expenses associated with Al's or Border Alliance's operations.

   Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

12. Over the course of the many years Border Alliance supplied goods to Santa's Best, Santa's Best did occasionally pay or advance money to Border Alliance beyond the per-piece payments referenced above, but these payments were made on a voluntary, ad hoc basis for extraordinary items, and merely to avoid supply-chain disruptions.

   Answer: Third-Party Defendants admit that over the course of the many years Border Alliance supplied goods to Santa's Best. Third-Party Defendants deny the balance of the allegation(s) contained in this paragraph.

13. Furthermore, Santa's Best did regularly reimburse Border Alliance for certain rent expenses associated with warehouse space utilized by Border Alliance and/or Al through June of 2002, but Border Alliance, through its partners, the Carrolls, represented to Defendants that Santa's Best would not be obligated for rental reimbursements beyond June of 2002. Indeed, Border Alliance, through its partners, the Carrolls, represented to Defendants that neither Border Alliance nor Al would be responsible for rent payments beyond June of 2002.

   Answer: Third-Party Defendants admit that Santa's Best did regularly

reimburse Border Alliance for certain rent expenses associated with warehouse space through April or May of 2002. Third-Party Defendants deny the balance of the allegation(s) contained in this paragraph.

14. On another occasion, Santa's Best advanced over $100,000 to Border Alliance to cover duties improperly assessed by Mexican authorities with regard to the import of certain goods from Mexico. Border Alliance, through its partners, the Carrolls, assured Santa's Best that the duties were improper and would eventually be reversed. Furthermore, Border Alliance agreed to repay Santa's Best for the duties, but Border Alliance has not done so.

> Answer: Third-Party Defendants admit that duties were assessed by Mexican authorities and had Defendants fulfilled their obligations under the agreements at issue in this cause, there was some possibility that a portion of the duties could be refunded through a process which Defendants refused. Third-Party Defendants deny the balance of the allegation(s) contained in this paragraph.

15. Nevertheless, in the Complaint, Plaintiffs claim that Defendants are obligated to pay certain taxes, liquidations for workers, and other expenses based on three alleged contracts attached as Exhibits A, C and D respectively to the Complaint (the "Forged Contracts").

> Answer: Third-Party Defendants admit that Defendants were and are obligated to comply with the terms of the contracts attached to *Plaintiffs' First*

*Amended Original Complaint.* Third-Party Defendants deny the balance of the allegation(s) contained in this paragraph.

16. Plaintiffs allege Protz signed the Forged Contracts on behalf of himself and Santa's Best.

   Answer: Third-Party Defendants admit that Defendant Protz signed each contract attached to *Plaintiffs' First Amended Original Complaint.* Third-Party Defendants deny the balance of the allegation(s) contained in this paragraph.

17. Nevertheless, Protz never signed the Forged Contracts. Instead, the alleged signatures of Protz on the Forged Contracts were all appended to the Forged Contracts by Border Alliance, through its partners, the Carrolls, and Al. They photocopied Protz's alleged signatures from either originals or copies of other documents actually signed by Protz. Protz never authorized anyone to append his signature to the Forged Contracts.

   Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

18. Border Alliance, through its partners, the Carrolls, created the Forged Contracts in an attempt to force Defendants to pay money to Border Alliance and Al to which they are not entitled.

   Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

19. Furthermore, Border Alliance, through its partners, the Carrolls, directed Border Alliance's and Al's attorneys to institute this case against Defendants based on the

Forged Contracts, even though they knew the Forged Contracts were forgeries.

>Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

20. As a proximate result of the forgeries, Border Alliance's representations and the loss of the Equipment, Defendants have incurred actual damages, including, without limitation, attorneys' fees, court costs, and other litigation expenses.

>Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

21. Border Alliance's actions with regard to the misrepresentations and forgeries have been committed with willful disregard for the rights of Defendants.

>Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

## COUNT I
## (Forgery)

22. Defendants incorporate by reference the allegations of paragraphs 1 through 21 of these Counterclaims.

>Answer: See Third-Party Defendants' answers to the allegation(s) contained in the paragraphs referenced in this paragraph.

23. As alleged in paragraphs 15-19 of these Counterclaims, Border Alliance, through its partners, the Carrolls, altered the Forged Contracts so that they would appear to contain the signature of Protz.

>Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

24. As alleged in paragraph 15 of these Counterclaims, Protz did not authorize Plaintiffs to affix a photocopy of his signature on the Forged Contracts.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

25. As alleged in paragraph 19 of these Counterclaims, Border Alliance, through its partners, the Carrolls, instructed their attorneys to initiate this case based on the Forged Contracts.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

26. As alleged in paragraph 20 of these Counterclaims, Defendants have incurred damages as a result of the forgeries.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

## COUNT II
## (Fraud)

27. Defendants incorporate by reference the allegations of paragraphs 1 through 21 of these Counterclaims.

Answer: See Third-Party Defendants' answers to the allegation(s) contained in the paragraphs referenced in this paragraph.

28. As alleged in paragraphs 7 through 14 of these Counterclaims, if the allegations of the Complaint are true, Border Alliance, through its partners, the Carrolls, intentionally and fraudulently made several misrepresentations of material fact to Santa's Best regarding its liability for taxes, liquidations of workers, rent, and other obligations.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

29. Defendants relied on the representations.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

30. Border Alliance and the Carrolls intended Santa's Best to rely on the representations.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

31. As alleged in paragraph 20 of these Counterclaims, Defendants have incurred actual damages as a proximate result of the representations.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

32. Furthermore, to the extent Defendants become liable for any judgment against them in this case, that outcome will be the proximate result of Border Alliance's and the Carrolls' false representations.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

## COUNT III
### (Negligent Misrepresentation)

33. Defendants incorporate by reference the allegations of paragraphs 1 through 21 of these Counterclaims.

Answer: See Third-Party Defendants' answers to the allegation(s) contained

in the paragraphs referenced in this paragraph.

34. As alleged in paragraphs 7 through 14 of these Counterclaims, Border Alliance, through its partners, the Carrolls, made several representations of material fact to Defendants.

    Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

35. If the allegations of Plaintiffs in the Complaint are true, Border Alliance and the Carrolls should have known that the representations to Defendants were false.

    Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

36. Defendants reasonably relied upon the representations when Santa's Best ordered goods from Border Alliance from 1995 through 2001.

    Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

37. As alleged in paragraph 20 of these Counterclaims, Defendants have incurred damages as a proximate result of the representations. Furthermore, any judgment against Defendants in this case will be the proximate result of Border Alliance's and the Carrolls' representations.

    Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

## COUNT IV
### (Breach of Contract)

38. Defendants incorporate by reference the allegations of paragraphs 1-21 of

these Counterclaims.

>   Answer: See Third-Party Defendants' answers to the allegation(s) contained in the paragraphs referenced in this paragraph.

39. As alleged in paragraphs 7-14 of these Counterclaims, Border Alliance, which is merely the Carrolls doing business as partners under an assumed business name, entered into an agreement with Santa's Best under which Border Alliance agreed that Santa's Best would not be liable for any of the expenses alleged in the Complaint.

>   Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

40. If the allegations of the Complaint are true, Border Alliance breached these contractual obligations to Santa's Best.

>   Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

41. As alleged in paragraph 14 of these Counterclaims, Border Alliance further agreed to repay the more than $100,000 that Santa's Best advanced to Border Alliance to cover the Mexican duties, which Border Alliance stated were improper and would be eventually reversed.

>   Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

42. As alleged in paragraph 14 of these Counterclaims, Border Alliance breached its promise to repay the advance for Mexican duties.

>   Answer: Third-Party Defendants deny the allegation(s) contained in this

paragraph.

43. As a proximate result of Border Alliance's breaches, Defendants have been damaged. Furthermore, to the extent Defendants become liable to pay any judgment in this case, that outcome will be the proximate result of Border Alliance's breaches.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

## COUNT V
### (Replevin)

44. Santa's Best incorporates by reference the allegations of paragraphs 1-21 of this Counterclaim.

Answer: See Third-Party Defendants' answers to the allegation(s) contained in the paragraphs referenced in this paragraph.

45. Santa's Best has demanded that Al and Border Alliance, which is merely the Carrolls doing business as partners under an assumed name, surrender and return all of the Equipment to Santa's Best.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

46. Santa's Best is lawfully entitled to the immediate possession of the Equipment.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

47. Al and Border Alliance have failed and refused to surrender the Equipment to Santa's Best, though due demand has been made upon them.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

48. The Equipment is wrongfully detained by AI and Border Alliance.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

49. The Equipment has not been taken for any tax, assessment or fine levied by virtue of any law of Texas or Mexico against property of Santa's Best, or against Santa's Best individually, nor has it been seized under any lawful process against the goods and chattels of Santa's Best subject to such lawful process, nor is it held by virtue of any order of replevin against Santa's Best.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

50. The approximate liquidation value of the Equipment is in excess of $100,000.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

51. Santa's Best claims the value of any part of the Equipment not delivered under the order of replevin sought herein and entered by this Court.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

## COUNT VI
### (Trespass to Personalty)

52. Santa's Best hereby realleges paragraphs 1-21 and incorporates them herein by reference.

Answer: See Third-Party Defendants' answers to the allegation(s) contained in the paragraphs referenced in this paragraph.

53. The actions of Border Alliance, which is merely the Carrolls doing business as partners under an assumed name, and Al outlined above have injured and interfered with Santa's Best's possession of the Equipment.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

54. Border Alliance and Al have intentionally committed those actions.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

55. The trespass of Border Alliance and Al to the Equipment has proximately cost, and will continue to proximately cost, Santa's Best to suffer extensive damages.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

56. Santa's Best is entitled to recover all actual and consequential damages that it has incurred as a result of the trespass to the Equipment by Al and Border Alliance. In addition, the actions of Al and Border Alliance have been willful and malicious and, therefore, Santa's Best is entitled to recover exemplary/punitive damages.

Answer: Third-Party Defendants deny the allegation(s) contained in this paragraph.

## CLARENCE CARROLL AND PATSY ELAINE CARROLL'S COUNTERCLAIMS AGAINST WILLIAM F. PROTZ, JR. AND SANTA'S BEST

Third-Party Defendants file this their *Original Complaint*, complaining of William F.

Protz, Jr. and Santa's Best, Defendants, and for cause of action would show the following:

57.  Defendant William F. Protz, Jr. is a natural person residing in Illinois. William F. Protz, Jr. may be served with service of citation at his place of employment, 770 Frontage Road, Suite 160, Northfield, Illinois.

58.  Defendant Santa's Best is an Illinois partnership doing business in Texas. Santa's Best may be served with service of citation by serving William F. Protz, Jr., at 770 Frontage Road, Suite 160, Northfield, Illinois.

59.  Defendant Protz and Defendant Santa's Best entered into various contracts with Plaintiffs/Third-Party Defendants and third parties in connection with a maquiladora operation run in Matamoros, Tamaulipas, Mexico on behalf of Defendant Santa's Best by Plaintiffs/Third-Party Defendants. *See Exhibits A-D* attached to *Plaintiffs' First Amended Original Complaint.*

60.  Under the contracts, Santa's Best obligated itself to pay all taxes (other than payroll taxes), liquidations of not more than twenty union workers plus additional personnel, and fire and theft insurance to cover Santa's Best's product. *See Exhibit A* attached to *Plaintiffs' First Amended Original Complaint.*

61.  Under these agreements, Santa's Best also agreed to pay rent at the facility in Matamoros at a rate of $3,600.00 per month through February 2000 and at a rate of $4,600.00 per month thereafter until December 31, 2003. *See Exhibit B* attached to *Plaintiffs' First Amended Original Complaint.*

62.  In addition to reimbursing or directly paying the expenses and costs of the operation, Santa's Best also agreed to pay a piece rate amount for various products over

time.

63. Defendant Protz signed all four contracts and he is personally liable under one or more of these contracts.

64. Defendants made the decision to abandon the operations in Mexico, as Defendant Santa's Best has admitted in Paragraph IV of *Defendant Santa's Best's Answer, Affirmative Defenses and Counterclaims to Complaint*, and they refuse to fulfill their contractual obligations.

65. Defendants' announcement of this decision and their stated intention of not fulfilling their obligations to pay lease payments under the lease agreement through December 2003 and to pay all taxes (other than payroll taxes) and liquidations of not more than twenty union workers without any justification constitute anticipatory breaches of the contracts.

66. The refusal by Defendants to fulfil their obligations exposes Plaintiffs/Third-Party Defendants to damage claims by third parties, including lawsuits in Mexico under laws protecting employees.

67. Further, the lease agreement attached to *Plaintiffs' First Amended Original Complaint* as *Exhibit B* and the *contrato[s] de maquila* attached as *Exhibit C* and *Exhibit D* expose Plaintiffs/Third-Party Defendants to claims by the lessor and employees for duties imposed on Defendants under the contract attached as *Exhibit A* to *Plaintiffs' First Amended Original Complaint*.

68. Further, Defendants' wrongful actions interfere with Plaintiffs/Third-Part Defendants' ability to conduct business in Mexico now and in the future.

69. Further, Defendants' wrongful actions subject Third-Party Defendants to arrest if they go to Mexico, and therefore, have caused Third-Party Defendants to incur additional damages.

70. For several months prior to the filing of *Plaintiffs' First Amended Original Complaint*, Plaintiffs/Third-Party Defendants demanded that Defendants fulfill their obligations and Defendants refused to comply.

71. Pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, Plaintiffs/Third-Party Defendants seek a declaratory judgment declaring that Defendants are obligated to fulfill the obligations described above and in the contracts and that Defendants are in breach.

72. Further, Plaintiffs/Third-Party Defendants seek a determination of their damages.

73. Further, Plaintiffs/Third-Party Defendants seek the recovery of their actual damages flowing from Defendants' breaches of contracts, including, but not limited to, lost profits, loss of good will, incidental damages, including the cost of mitigation, and damages suffered by Plaintiffs in reliance on the contracts, including, but not limited to, indemnification for third party liability and expenses incurred as a result of Defendants' breaches of contract.

74. Plaintiffs/Third-Party Defendants seek the recovery of their attorney's fees and costs pursuant to Section 37.009 and Section 38.001 of the Civil Practice and Remedies Code.

**WHEREFORE, PREMISES CONSIDERED,** Third-Party Defendants pray for judgment of

the Court that Defendants take nothing by their suit, and that Third-Party Defendants recover all costs together with such other and further relief to which it may be justly entitled. Further, Third-Party Defendants pray that Defendants be cited to appear and answer, and that on final trial Third-Party Defendants have a declaratory judgement, a judgment for the recovery of their actual damages, attorney's fees, costs, prejudgment and post judgment interest as provided by law, and any other and further relief, at law or in equity, legal or special, to which Third-Party Defendants may be justly entitled.

        Respectfully submitted,

        **LAW OFFICE OF PHIL A. BELLAMY**
        815 Ridgewood
        Brownsville, Texas 78520
        (956) 546-9345
        (956) 544-7201 (Fax)

By: _____
       Phil A. Bellamy
       State Bar No. 00787065
       Federal ID No. 17505

       Attorney for Plaintiffs/Third-Party Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record by certified mail, return receipt requested, on this the 27th day of 2003:

Beau T. Greiman
Levenfeld Pearlstein
2 North LaSalle St., Suite 1300
Chicago, IL 60602
(CM-RRR No. 7002 3150 0002 0962 9226)

Joseph A. (Tony) Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
(CM-RRR No. 7002 3150 0002 0962 9233)

_____
Phil A. Bellamy