IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 3 0 2003

Michael N. Milby
Clerk of Court

BORDER ALLIANCE, )
and ACCESORIOS ILIMITADOS, )
)
Plaintiffs, ) Case No. B-02 079
)
vs. )
)
WILLIAM F. PROTZ, JR. and )
SANTA'S BEST, an Illinois )
general partnership, )
)
Defendants. )

## DEFENDANTS' ANSWER TO THE COUNTERCLAIMS OF THIRD-PARTY DEFENDANTS CLARENCE CARROLL AND PATSY ELAINE CARROLL

NOW COME Defendants/Third-Party Plaintiffs, Santa's Best ("Santa's Best") and William F. Protz, Jr. ("Protz") (collectively "Defendants"), and for their Answer to the Counterclaims of Third-Party Defendants Clarence Carroll and Patsy Elaine Carroll, state as follows:

## ANSWER

57.   Defendant William F. Protz, Jr. is a natural person residing in Illinois. William F. Protz, Jr. may be served with service of citation at his place of employment, 770 Frontage Road, Suite 160, Northfield, Illinois.

**Answer:**

Defendants admit William F. Protz, Jr. is a natural person residing in Illinois. Defendants deny the remainder of the allegations of Paragraph 57.

58.   Defendant Santa's Best is an Illinois partnership doing business in Texas. Santa's Best may be served with service of citation by serving William F. Protz, Jr. at 770 Frontage Road, Suite 160, Northfield, Illinois.

**Answer:**

Defendants admit Santa's Best is an Illinois partnership and has done business in Texas. Defendants deny the remainder of the allegations of Paragraph 58.

59. Defendant Protz and Defendant Santa's Best entered into various contracts with Plaintiffs/Third-Party Defendants and third parties in connection with a maquiladora operation run in Matamoros, Tamaulipas, Mexico on behalf of Defendant Santa's Best by Plaintiffs/Third-Party Defendants. *See Exhibits A-D* attached to *Plaintiffs' First Amended Original Complaint*.

**Answer:**

Defendants deny the allegations of Paragraph 59.

60. Under the contracts, Santa's Best obligated itself to pay all taxes (other than payroll taxes), liquidations of not more than twenty union workers plus additional personnel, and fire and theft insurance to cover Santa's Best's product. *See Exhibit A* attached to *Plaintiffs' First Amended Original Complaint*.

**Answer:**

Defendants deny the allegations of Paragraph 60.

61. Under these agreements, Santa's Best also agreed to pay rent at the facility in Matamoros at a rate of $3,600.00 per month through February 2000 and at a rate of $4,600.00 per month thereafter until December 31, 2003. *See Exhibits B* attached to *Plaintiffs' First Amended Original Complaint*.

**Answer:**

Defendants deny the allegations of Paragraph 61.

62. In addition to reimbursing or directly paying the expenses and costs of the operation, Santa's Best also agreed to pay a piece rate amount for various products over time.

**Answer:**

Defendants admit that Santa's Best agreed to pay a per piece rate for various products. Defendants deny the remainder of the allegations of Paragraph 62.

63. Defendant Protz signed all four contracts and he is personally liable under one or more of these contracts.

**Answer:**

Defendants deny the allegations of Paragraph 63.

64.  Defendants made the decision to abandon the operations in Mexico, as Defendant Santa's Best has admitted in Paragraph IV of Defendant Santa's Best's Answer, Affirmative Defenses and Counterclaims to Complaint, and they refuse to fulfill their contractual obligations.

**Answer:**

Defendants admit that they made the decision to no longer order products from Border Alliance. Defendants deny the remainder of the allegations of Paragraph 64.

65.  Defendants' announcement of this decision and their stated intention of not fulfilling their obligations to pay lease payments under the lease agreement through December 2003 and to pay all taxes (other than payroll taxes) and liquidations of not more than twenty union workers without any justification constitute anticipatory breaches of the contracts.

**Answer:**

Defendants deny the allegations of Paragraph 65.

66.  The refusal by Defendants to fulfill their obligations exposes Plaintiffs/Third-Party Defendants to damage claims by third parties, including lawsuits in Mexico under laws protecting employees.

**Answer:**

Defendants deny the allegations of Paragraph 66.

67.  Further, the lease agreement attached to *Plaintiffs' First Amended Original Complaint* as *Exhibit B* and the *contrato[s] de maquila* attached as *Exhibit C* and *Exhibit D* expose Plaintiffs/Third-Party Defendants to claims by the lessor and employees for duties imposed on Defendants under the contract attached as *Exhibit A* to *Plaintiffs' First Amended Original Complaint*.

**Answer:**

Defendants deny the allegations of Paragraph 67.

68.     Further, Defendants' wrongful actions interfere with Plaintiffs/Third-Party Defendants' ability to conduct business in Mexico now and in the future.

**Answer:**

Defendants deny the allegations of Paragraph 68.

69.     Further, Defendants' wrongful actions subject Third-Party Defendants to arrest if they go to Mexico, and therefore, have caused Third-Party Defendants to incur additional damages.

**Answer:**

Defendants deny the allegations of Paragraph 69.

70.     For several months prior to the filing of *Plaintiffs' First Amended Original Complaint,* Plaintiffs/Third-Party Defendants demanded that Defendants fulfill their obligations and Defendants refuse to comply.

**Answer:**

Defendants deny the allegations of Paragraph 70.

71.     Pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, Plaintiffs/Third-Party Defendants seek a declaratory judgment declaring that Defendants are obligated to fulfill the obligations described above and in the contracts and that Defendants are in breach.

**Answer:**

Defendants deny that Plaintiff/Third-Party Defendants are entitled to the declaratory judgment they seek.

72.     Further, Plaintiffs/Third-Party Defendants seek a determination of their damages.

**Answer:**

Defendants deny that Plaintiff/Third-Party Defendants are entitled to damages.

73.     Further, Plaintiffs/Third-Party Defendants seek the recovery of their actual damages flowing from Defendants' breaches of contracts, including, but not limited to,

lost profits, loss of good will, incidental damages, including the cost of mitigation, and damages suffered by Plaintiffs in reliance on the contracts, including, but not limited to, indemnification for third party liability and expenses incurred as a result of Defendants' breaches of contract.

### Answer:

Defendants deny that Plaintiffs/Third-Party Defendants are entitled to recover any damages.

74. Plaintiffs/Third-Party Defendants seek the recovery of their attorney's fees and costs pursuant to Section 37.009 and Section 38.001 of the Civil Practice and Remedies Code.

### Answer:

Defendants deny that Plaintiffs/Third-Party Defendants are entitled to recover their attorneys fees and costs.

WHEREFORE, Defendants/Third-Party Plaintiffs, William F. Protz, Jr. and Santa's Best, respectfully request that this Court deny Plaintiffs/Third-Party Defendants the relief requested in their counterclaims in this case.

Date: June 26, 2003

                                            **LEVENFELD PEARLSTEIN**

                                            By: _____
                                                    Beau T. Greiman

Beau T. Greiman
Illinois Bar No. 6225076
Levenfeld Pearlstein
2 North LaSalle Street, Suite 1300
Chicago, IL 60602
Telephone:    312-346-8380
Fax:    312-346-8434

5

Attorney in Charge
Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Southern District of Texas Bar No. 10107
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren, P.O. Box 2155
Brownsville, TX 78520
Telephone:     956-542-7441
Fax:              956-541-2170
**ATTORNEYS FOR DEFENDANTS,
SANTA'S BEST and WILLIAM PROTZ, JR.**

H:\Docs\37500\37519\ANSWER-3rd-Party Counterclaim.doc